# Commonwealth *v.* Pennington, Appellant.

*Criminal law—Murder—Trials—Refusal of continuance—Absent witness—Remarks of district attorney—Charge—Request of jury for further instruction.*

1. Upon a trial for murder the trial court did not err in refusing defendant's motion for a continuance made at the opening of the trial because of the nonattendance of a witness where it appeared that the testimony to be given by such witness was cumulative, and that secondary evidence of the facts desired to be proved thereby was available.

2. Upon a trial for murder the trial court did not err in permitting a statement by the district attorney to the effect that if the jury should not convict the defendant of murder of the first degree or acquit him, they would violate their oaths.

3. Where in such case the jury after deliberation returned with a request that the judge's charge to the jury concerning certain testimony should be "read," the court did not commit reversible error in not reading the charge as given where it gave further correct instructions.

Argued May 3, 1915. Appeal, No. 106, Jan. T., 1915, by defendant, from judgment of O. & T. of Delaware Co., March Sessions, 1914, No. 123, on verdict of guilty of murder of the first degree in case of Commonwealth of Pennnsylvania v. Roland S. Pennington. Before Brown, C. J., Mestrezat, Elkin, Stewart and Frazer, JJ. Affirmed.

Indictment for murder. Before Johnson, P. J.

The homicide in question was committed on November 7, 1913, at the Brick House Farm in Edgmont Township, Delaware County, by the defendant and one George March. March was tried first and convicted of murder of the first degree. The murdered man, S. Lewis Pinkerton was overseer of the Brick House Farm but did not live there. Both March and the defendant were employees under Pinkerton. Before the time of Pennington's employment and after that up to the time of the

commission of the offense George March lived on the Brick House Farm with a certain Mary Louise Barber, with whom he had illicit relations. The defendant had been employed by Pinkerton on October 7, 1913, and boarded with March from the time of his employment down to and after the commission of the crime on November 7, 1913. There was no denial that the defendant participated in the affair and there was ample evidence to justify the conviction, if defendant was mentally responsible. The defense set up was that the defendant was not mentally responsible but was an imbecile and unable to distinguish between right and wrong. The jury found a verdict of guilty of murder of the first degree, and sentence of death was passed. The record did not disclose that when the jury returned and asked that the judge's charge to the jury concerning expert testimony should be read, the court while it did not read the charge as originally given, fully instructed the jury on the question of expert testimony. Defendant appealed.

*Errors assigned* were as follows:

(1) The learned court erred in refusing the defendant's motion for a continuance made at the opening of the trial before the defendant was arraigned; the motion, answer of the district attorney and ruling of the court thereon as taken down by the official stenographer at the time being as follows:

By Mr. Williams: "A. J. Williams, attorney for the defendant, applies to the court for a continuance for the nonattendance of Mary Louise Barber, who was duly subpœnaed by the defendant to appear at this time in March of this year at the last term of court, and who is unable to attend because she is now in a hospital at West Chester as the result of giving birth to a child two days ago.

"That said witness lived at the Brick House Farm where the crime in question took place; that the defendant lived with the witness and her husband, during the

time that he was at the said farm, a period of approximately six weeks; that the defense to the crime in question goes to the mentality of the defendant; that the defense expects to prove by the witness, Mary Louise Barber, that she has observed certain acts and conduct of the defendant going to show that he is of weak intellect, and that he was dominated and influenced by suggestion of George March, who is jointly indicted with the defendant to the commission of the crime in question.

"In addition to the testimony of this witness and other lay witnesses the defense will produce expert testimony going to show that the defendant is mentally irresponsible. There is no other witness to testify to the things that occurred at the farm other than the witness Mary Louise Barber."

By Mr. Hannum: "The district attorney agrees that the testimony of Mary Louise Barber which is relevant to this issue, taken and given at the trial of George H. March, shall be offered in evidence provided the defense desires it."

By Mr. Williams: "The defense in answer to the agreement of the district attorney says, that the testimony taken in the March trial does not cover the points it expects to be able to prove by the testimony of Mary Louise Barber."

The Court: "It appearing at the bar of the court that this testimony offered is cumulative, the Commonwealth having agreed that the testimony taken of this witness on the former trial in George March and this witness were charged with the commission of this crime shall be read so far as it is relevant if the defense requests it, the application for a continuance is refused."

Bill sealed for the defendant.

(2) The learned court erred in not interfering and correcting the statement herein set forth of the district attorney which was forthwith objected to and taken down by the official stenographer at the time. The state-

ment, objection thereto and comment of the court being as follows:

By Mr. Hannum: ......Whether he intended to kill him or not, if in the perpetration of a robbery he struck that blow, and from that blow or from blows delivered by Pennington, and he was in it, he is guilty of murder in the first degree provided his victim died from any of those blows. And that is all there is in this case. It is either one thing or the other. There absolutely,—and I say it with vehemence—there is absolutely no middle ground, and don't you take it, because if you do I say to you frankly and as a man you violate your oaths.

By Mr. Williams: I object to the district attorney stating to the jury that they violate their oaths.

The Court: You can take an exception to it.

(3) The learned court erred in not complying with the request of the jury after it had been deliberating for approximately twenty hours, "to read, the judge's charge to the jury concerning expert testimony."

*Albert J. Williams,* for appellant.

*John B. Hannum, Jr.,* District Attorney, with him *William Taylor,* Assistant District Attorney, for appellee.

PER CURIAM, May 17, 1915:

There is nothing in the three assignments of error before us calling for a reversal of the just judgment pronounced upon the appellant. That judgment has not been assigned as error, but, overlooking this inadvertence, we affirm it, with direction that the record be remitted for the purpose of execution.

Judgment affirmed.