## Goldman et al. *v.* Mitchell-Fletcher Co. et al., Appellants.

*Negligence — Street railways — Passengers — Collision between trolley car and wagon.*

1. In an action against a street railway company and the owner of a wagon for personal injuries to a passenger in the trolley car, the case is for the jury where the evidence shows that a collision between the wagon and trolley car was the result of the joint negligence of the two defendants, and that in this collision plaintiff was thrown from her seat in the car and injured.

*Negligence—Damages—Excessive verdict—New trial—Appeals.*

2. A new trial will be ordered where a verdict in favor of a mother for injuries to her daughter eighteen years old, was twice the amount of the minor's earnings for the ensuing three years of her minority plus the mother's expenses and those reasonably to be anticipated, all reduced to their present worth.

3. Where the facts demonstrate a verdict to be so plainly excessive as to indicate that the jury abused its powers and this abuse was not remedied by the court below, the appellate court may reverse the judgment entered on the verdict and order a new trial.

Argued November 30, 1925. Appeals, Nos. 364 and 365, Jan. T., 1925, by defendants, from judgment of C. P. No. 2, Phila. Co., March T., 1924, No. 1331, on verdict for plaintiffs, in case of Gertrude Goldman, a minor, by her next friend and mother, Sarah Goldman, and

Sarah Goldman, in her own right, v. Mitchell-Fletcher Company and Philadelphia Rapid Transit Co.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.

Trespass for personal injuries to a girl eighteen years old.   Before GORDON, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Gertrude Goldman, minor, for $10,000, and Sarah Goldman, mother of minor, for $5,000.   Defendants appealed.

*Error assigned* was, inter alia, order refusing new trial, quoting record.

*Ward C. Henry,* with him *Edwin C. Markle,* for Mitchell-Fletcher Co., appellant.—The act of the driver of the Mitchell-Fletcher wagon was not the proximate cause of the injury received by plaintiff: Behling v. Pipe Lines, 160 Pa. 359; Hoag v. R. R., 85 Pa. 293; Swanson v. Crandall, 2 Pa. Superior Ct. 85; Bruggeman v. York, 259 Pa. 94.

The verdict was excessive: Potts v. Guthrie, 282 Pa. 200; Martin v. Letter, 282 Pa. 286.

*Daniel J. Shern,* for Rapid Transit Co., appellant.— The verdicts were excessive: Potts v. Guthrie, 282 Pa. 200.

The trolley company was free from negligence: Boggs v. Tea Co., 266 Pa. 428; Kelly v. Ry., 270 Pa. 149.

*Victor Frey,* with him *Augustus T. Ashton,* for appellees, cited as to the negligence of Mitchell-Fletcher Co.: Hoffman v. R. R., 278 Pa. 249.

As to negligence of the Philadelphia Rapid Transit Co.: Meier v. R. R., 64 Pa. 230.

As to verdicts: Martin v. Letter, 282 Pa. 286; Standen v. R. R., 214 Pa. 189.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 4, 1926:

Gertrude Goldman, a minor, through her mother, Sarah Goldman, and the latter in her own right, sued to recover for injuries sustained by the former while a passenger on a trolley car owned and operated by one of the two joint defendants, namely, the Philadelphia Rapid Transit Company. Verdicts were rendered in high amounts for both plaintiffs, on which judgments were entered; the transit company and the Mitchell-Fletcher Company, the other defendant, both have appealed.

The car in which Gertrude Goldman was riding at the time of the accident was one of a number of cars which had been moving in an easterly direction on Market Street in the City of Philadelphia. There was a blockade on the eastbound tracks, so that the cars were moving slowly and with frequent stops. The car immediately in front of the one in which the minor plaintiff was riding had advanced, leaving a space of about fifteen feet between the two. The cars in question were standing still at the time of the accident, between Seventeenth and Eighteenth streets and immediately across from the front entrance to the premises occupied by the American Railway Express Company. The driver for the Mitchell-Fletcher Company, who was in control of a wagon drawn by a team of horses, had gone north on Eighteenth Street, then east on the south side of Market Street; intending to go to the express company's place of business, he turned north through the space between the cars, at the invitation of the motorman of the car on which the minor plaintiff was riding, who beckoned the driver to advance. While passing through this opening, his team was struck by a trolley car moving west on the north line of tracks, which was not blocked. The horses were jammed between the two last mentioned cars.

The testimony of both sides agrees on most of the facts attending the accident, except that, according to

the transit company's version of the occurrence, the Mitchell-Fletcher driver rushed his team between the two trolley cars as soon as the space opened, and that this was done without an invitation of any sort from the motorman of the rear car; but however that may be, plaintiff's story must be accepted on this review.

There seems to be no question that a collision occurred between the wagon and the trolley cars, and that, in this collision, the minor plaintiff was thrown or fell from her seat. She was picked up from the floor of the car unconscious. Her chief injury seems to be a shock to her nervous system, causing seizures resembling epilepsy, from which condition, according to the doctors in the case, she will eventually recover. The jury awarded the minor plaintiff $10,000 and her mother $5,000, neither of which amounts were reduced by the court below.

While this court has always been disinclinded to interfere with awards of juries sustained by the trial tribunal, yet where the facts demonstrate a verdict to be so plainly excessive in any part as to indicate that the jury has abused its powers, and that abuse is not remedied by the court below, it becomes our duty to act; and this is the situation in the present case.

The accident occurred on December 18, 1923, and the minor plaintiff was eighteen years of age on the preceding November 10th; hence the total period during which the mother would be entitled to her daughter's services was approximately three years. If we assume disability to work during that entire time, the minor's earnings which would be lost to the mother, plus the expenses proved by the latter and those reasonably to be anticipated, all reduced to their present worth, would probably be about fifty per cent less than the verdict in her favor. In other words, on a common sense view of the testimony relied on by plaintiffs, the verdict in favor of the mother is excessive to the amount of about $2,500; and this is a fair indication of the manner in

which the jury abused its powers.   We therefore conclude that, while the questions concerning the proximate cause of the accident, the alleged negligence of the joint defendants and the damages suffered by the plaintiffs, all were for the jury, yet, owing to the way in which that body plainly misused its powers, we think it best to order a new trial in general.

Both judgments are reversed with a venire facias de novo.