Baymond *v.* Sternberger, Appellant.

Argued November 13, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and JAMES, JJ.

*Robert Ruppin,* and with him *Harvey B. Lutz,* for appellant.

*William C. Rehm,* for appellee.

OPINION BY PARKER, J., February 1, 1935:

This is an action in trespass by a guest in a car to recover damages for personal injuries suffered as a result of the alleged negligence of the driver and owner of the car. The plaintiff has a judgment and the defendant asks for a new trial on the ground that references were made at the trial to the fact that the defendant was protected by insurance and because the verdict was excessive. We are of the opinion that the motion for a new trial was properly refused.

When plaintiff was under cross-examination by appellant's counsel, he was being interrogated as to a written statement that the witness had made and then said: "Q. That is your signature, isn't it? A. That is my signature. Q. How did that get there? A. Mr. Ryan came to the door Saturday morning. I was in bed. My daughter answered the door. He asked to see me. She said I was hurt. He insisted on seeing me. She came up and helped me downstairs. He said, 'How are you.' He told me he was Mr. Ryan, representing an insurance company. I said, 'I don't feel so bad if it wouldn't be for passing blood.' Then he said, 'I won't take up any of your time; I will have you sign this; I won't take up any of your time,' and he left." No objection was made to this evidence. Thereafter on re-direct examination the plaintiff was asked:

"Elmer, you say a man by the name of Ryan called at your house and said he was an insurance adjuster?" The question was objected to and the objection sustained, but application was not made for the withdrawal of a juror and a continuance of the case. One of plaintiff's witnesses, Millard Weaver, was later interrogated on direct-examination as to statements made by the defendant immediately after the accident. We then have this question and answer: "Q. Tell the court and jury what, if anything, he said? A. After the accident Mr. Sternberger and Mr. Baymond was taken into Mr. Brinser's, a man that runs the restaurant, and outside Mr. Sternberger made the remark that I heard that the other man who was driving the Packard car—I don't know what his name is—shouldn't sue because Mr. Sternberger carries insurance—" Thereupon counsel for defendant objected and asked for the withdrawal of a juror. The court sustained the objection, refused to withdraw a juror, and cautioned the jury to disregard any reference to an insurance company. After being so cautioned, the witness Weaver then testified that the defendant said that the accident was his fault and that "he was in the wrong." There is nothing to indicate that counsel anticipated that the witness would refer to the insurance company or that counsel designedly asked the question expecting to elicit information with reference to insurance. The defendant later called to the stand the investigator who had taken the written statement of plaintiff, when on cross-examination this testimony was given: "Q. You were employed by whom? A. I was looking after Mr. Sternberger's interests. Q. Won't you answer my question? By whom were you employed? A. I was an investigator and was taking care of Mr. Sternberger's interests. Q. Don't parry with me. Weren't you sent there by an insurance company? A. Yes, sir. Q. Why don't you say so? Mr.

Lutz: If the court please, I renew my objection to this testimony and again ask for the withdrawal of a juror. The Court: The objection is sustained, but the court, in the exercise of its discretion, refuses to withdraw a juror and the jury is again cautioned not to pay any attention to the evidence in this case with regard to an insurance company.''

The credibility of the adjuster representing the insurance company was directly in issue as there was a conflict of testimony between the plaintiff and that witness. The question is therefore ruled by the case of Lenahan v. Pittston Coal Min. Co., 221 Pa. 626, 70 A. 884. In that case an attorney who had been called as a witness was asked if he did not represent a surety company which had insured the defendant against accidents of the kind involved. In holding the question proper, the Supreme Court said (p. 629): ''The fact that the defendant in an action for personal injuries is insured in an employers' liability company has not the slightest bearing on the issue. It is an irrelevant fact prejudicial to the defendant and its introduction by the plaintiff, whether by testimony offered by him, by statements of this counsel, by offers of proofs or by questions asked witnesses or jurors under the pretense of disclosing interest or bias, is ground for reversal: Walsh v. Wilkes-Barre, 215 Pa. 226; Hollis v. Glass Co., 220 Pa. 49. The rulings of these cases will be strictly adhered to and rigidly enforced, and no evasion or circumvention of them by indirection will be tolerated. But in applying them regard must be had to the undoubted right of the plaintiff to cross-examine a witness for the defendant to show his interest or bias. It is always the right of a party against whom a witness is called to show by cross-examination that he has an interest direct or collateral in the result of the trial or that he has a relation to the party from which bias would naturally arise. Such an examina-

tion goes to the credibility of the witness: Ott v. Houghton, 30 Pa. 451; Batdorff v. Bank, 61 Pa. 179. The right is not to be denied or abridged because incidentally facts may be developed that are irrelevant to the issue and prejudicial to the other party. This chance the party takes when he calls the witness.''

The first reference to the effect that there was an insurance company involved was brought upon the record in answer to a question by counsel for defendant. (Ellsworth v. Lauth, 311 Pa. 286, 290, 166 A. 855.) When the answer was given, there was not any objection or motion to strike out such reference. On the second occasion the answer was stricken out on motion of defendant but there was still no motion to withdraw a juror. As the question asked of the adjuster was clearly competent under the authority we have referred to above as affecting the credibility of the witness, the jury would necessarily know the fact that the defendant was insured. The trial court instructed the jury twice during the trial and in the charge to disregard any such evidence. This was even more than defendant was entitled to, for the evidence as to the fact that the adjuster represented an insurer was competent for a limited purpose.

The remaining assignment of error complains that the verdict of the jury was excessive. The plaintiff testified that at the time of the accident he was an automobile repairman and an operator of a steam roller; that his earnings were forty to fifty dollars per week; that he was under the care of a physician for twelve weeks after the accident, had hemorrhages until six months thereafter, and was not able to engage in his regular employment at the time of the trial about two years after the accident occurred; that he still walked with a limp and his leg gave out when he used it. The sum of his doctor bills and hospital expenses was ninety dollars, and he suffered consider-

able pain. It is only in clear cases that this court is justified in correcting a verdict on the ground of excessiveness: Parkin v. P. R. T. Co., 300 Pa. 569, 151 A. 362; Goldman v. Mitchell-Fletcher Co., 285 Pa. 116, 131 A. 665; Zimmerman v. P. R. R., 297 Pa. 390, 147 A. 82. It has frequently been said by the Supreme Court that the question of the amount of the verdict would be reviewed only in cases where the verdict was so grossly excessive as to shock the appellate court's sense of justice and where the impropriety of allowing the verdict to stand was so manifest as to show a clear abuse of discretion on the part of the court below in refusing to set it aside: Scott v. Amer. Exp. Co., 257 Pa. 25, 101 A. 96; Quigley v. P. R. R., 210 Pa. 162, 59 A. 958.

If the jury believed the testimony of plaintiff and his witnesses, they could under that evidence have found that, in addition to hospital and doctors' bills, the loss of earnings by plaintiff was in excess of one thousand dollars; that he suffered considerable pain and still had some impediments which would interfere with his future earnings. We cannot say the trial court abused its discretion.

Judgment of the lower court is affirmed.