## Commonwealth ex rel. Chapman, Appellant, v. Maroney.

Submitted November 21, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*George H. Chapman,* appellant, in propria persona.

*John A. Duvall,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, March 17, 1964:

The appellant, George H. Chapman, shot and killed his wife on August 10, 1947. He was indicted on a general charge of murder. On September 17, 1947, he appeared in court with counsel and entered a plea of guilty to the indictment. Testimony on behalf of the Commonwealth and the defendant was presented to the court, and on November 24, 1947, he was adjudged guilty of murder in the first degree and sentenced to death. On appeal, this Court affirmed the judgment: *Commonwealth v. Chapman,* 359 Pa. 164, 58 A. 2d 433 (1948). The sentence was subsequently commuted to life imprisonment.

Chapman has since instituted a series of five habeas corpus actions seeking his release from prison. We are here concerned with appeals from orders in two such actions dismissing the petitions. In one proceeding here involved, the court entered into a full and complete hearing at which the defendant and his counsel were present. The issue was disposed of in a comprehensive opinion after a careful review of the entire record. In the other proceeding involved, the petition was dismissed without hearing. Since the questions raised are the same in both appeals, they will be discussed and disposed of in one opinion.

The evidence indicated that the killing occurred in the home of the parties involved at about 1:55 o'clock in the afternoon. The defendant was taken into custody at the scene of the crime shortly after 10:00 o'clock on the same night. When the police officers arrived

at the home, the defendant was sleeping, and when awakened appeared to be in an intoxicated condition. He was very talkative and immediately volunteered the information that he had shot his wife.

On the following night, August 11, 1947, at about 8:15 p.m. o'clock the defendant was questioned by the investigating officers about the shooting and he freely made a complete statement reciting in detail the surrounding facts and circumstances. The questions and answers were recorded by typewriting. When completed, the recorded statement was read to the defendant. He signed his name to each of the three pages thereof, and the following day, August 12, 1947, swore before a justice of the peace that the answers given were true. This statement was admitted in evidence at the hearing before the court as part of the Commonwealth's case.

It is now urged by the defendant that the above statement was secured from him while he was under the influence of intoxicants and that its use deprived him of a fair trial and due process of law. It appears that he is under the belief that he gave and executed this statement the night of the arrest. A reading of the record manifests that the factual allegations upon which this contention is based are not true.

At the time of the statement, the defendant had been in police custody for approximately twenty-two hours. At the time of hearing before the court to determine the degree of guilt, there was no testimony to indicate that the defendant was intoxicated at the time he made the statement. Its admission was not objected to for this reason. Nor was such contention even suggested on appeal. Also, there is no testimony in the record of the habeas corpus proceedings to justify such a conclusion. In addition, and quite significantly, when the defendant testified at the hearing before the court at which the degree of guilt was determined, his ver-

sion of the occurrence coincided with and was substantially identical with the details recited in the statement. Under such circumstances, the lack of merit in appellant's contention is readily apparent.

Appellant further contends that he was entitled to be represented by legal counsel when questioned by the police officers and that the absence of such counsel at that time rendered any statements given against interest inadmissible. He does not allege that he requested counsel, nor is there anything in the record to show that he did so. A confession is not invalidated merely because a defendant was not represented by counsel at the time it was given. *Commonwealth v. Ballem,* 386 Pa. 20, 123 A. 2d 728 (1956); *Commonwealth v. Graham,* 408 Pa. 155, 182 A. 2d 727 (1962); *Crooker v. California,* 357 U.S. 433, 78 S. Ct. 1287 (1958), and *Commonwealth v. Negri,* 414 Pa. 21, 198 A. 2d 595 (1964). In connection with the above, it is urged that since the defendant was intoxicated he could not knowingly and intelligently have waived his right to representation by counsel. This, of course, is based upon the premise that he was intoxicated at the pertinent time, which, as pointed out previously, is factually incorrect.

It is further argued that the defendant was improperly convicted of murder in the first degree because at the time of the crime, he was so intoxicated that it was impossible for him to have had the required specific intent to take human life. This question was the principal issue raised on the original appeal and it was disposed of and fully discussed in the Court's opinion. It need not be repeated here.

Appellant alleges that he signed the indictment and thus entered a plea of guilty thereto on August 11, 1947, at a time when he was intoxicated and did not know the significance of his act. This again is factually incorrect. The record shows that he signed his

plea of guilty to the indictment on September 17, 1947, in the presence of his counsel.

Appellant complains that he was deprived of the right to call witnesses on his behalf at the time of the original trial. This concerns the absence of one, John C. Anderson. The record discloses that no request was made to have Anderson testify. Further, at the hearing in one of the previous habeas corpus actions, the appellant was searchingly examined as to what testimony this witness would be able to offer. He was unable to say. There is nothing in the record to suggest that this witness could possibly offer any testimony material to the issue.

Finally, appellant complains that he was not afforded the services of counsel at the time of the preliminary hearing and that this constituted lack of due process. This contention is devoid of merit. See, *Com. ex rel. Maisenhelder v. Rundle,* 414 Pa. 11, 198 A. 2d 565 (1964).

Orders affirmed.