353 A.2d 438
**COMMONWEALTH of Pennsylvania**
**v.**
**Ernest HOWARD, Appellant.**

Supreme Court of Pennsylvania.
Submitted April 8, 1975.
Decided March 17, 1976.

446

R. Barclay Surrick, Asst. Public Defender, Ernest Kardas, Media, for appellant.

Vram Nedurian, Jr., Asst. Dist. Atty., Media, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, Ernest Howard, was convicted of rape. Post-verdict motions were denied and he was sentenced to three to ten years imprisonment and fined $1,000 plus costs. On appeal, the Superior Court affirmed. We then granted appellant's petition for allowance of appeal, and this appeal followed.

■ Appellant contends that the trial court abused its discretion by refusing to grant his motion for a continuance when his alibi witness did not appear for trial. The denial of a continuance by the trial judge constitutes reversible error only if there has been an abuse of discretion. *Commonwealth v. Smith*, 442 Pa. 265, 275 A.2d 98 (1971). "It is elementary that the matter of continuance rests in the sound discretion of the trial court, and its action in that respect is not ordinarily reviewable. It would take an extreme case to make the action of the trial court in such a case a denial of due process of law." *Franklin v. South Carolina*, 218 U.S. 161, 168, 30 S.Ct. 640, 643, 54 L.Ed. 980, 985 (1910). After reviewing the record, we conclude that in this case the trial court erred in denying appellant's request for a continuance. The judgment of sentence is therefore reversed and a new trial granted.

The victim had testified that the rape occurred on June 28, 1971, at about 1:30 a. m. The appellant testified that he and one Cornell Bobbitt had been drinking bootleg whiskey at his home from midnight until 2:00 a. m. that morning, and that Bobbitt had put him to bed around 2:00 a. m. and left. It is Bobbitt's absence at trial which appellant contends should have been grounds for the continuance.

On the morning of the date set for trial, and before the jury was sworn, defense counsel notified the court

that Bobbitt had been subpoenaed twice, but had not shown up for trial. He then requested that a bench warrant be issued. The trial judge issued the warrant to the Chester police. At the afternoon session, still prior to jury selection, counsel requested a continuance because the police had not been successful in serving the warrant. The continuance was denied, a jury was selected and sworn, and the case proceeded to trial. On the morning of the second day of the trial, the court questioned a police officer concerning the unsuccessful attempts made to serve the bench warrant. The court then decided to proceed without the witness. Defense counsel again requested a continuance, and again the request was denied.

We have said that the considerations which underlie the exercise of a trial judge's discretion to grant or refuse a continuance based on the absence of a material witness include whether the witness is essential to the defense or necessary to strengthen the defendant's case, the diligence exercised to procure his presence at trial, the facts to which the witness could testify, and the likelihood that the witness could be produced at the next term of court. *Commonwealth v. Smith,* 442 Pa. 265, 275 A.2d 98 (1971). Consideration of each of these factors indicates that a continuance should have been granted in this case.

If testimony which an absent witness would give is merely cumulative or available from another source, then a continuance may be properly denied. *Commonwealth v. Pennington,* 249 Pa. 536, 95 A. 107 (1915). In this case, however, the only other alibi evidence presented was the testimony of appellant himself. The corroboration of appellant's testimony by the alibi witness could have significantly strengthened the appellant's case. In fact, such corroboration was essential. We said in *Commonwealth v. Smith,* supra, 442 Pa. at 269, 275 A.2d at 100, that "a witness to corroborate appellant's alibi

would have been the single most important possible addition to appellant's defense."

It is also clear from the record that appellant's counsel exercised due diligence in attempting to obtain the presence of the witness at trial. Counsel had had him subpoenaed twice, had requested that a bench warrant issue for him, and had furnished the police with the witness' home address, the type of work he did, and where he might be found.

The record admits of no doubt concerning the proposed testimony of the absent witness. Although there is no formal offer of proof as to what the witness would testify, the trial court was specifically informed that the absent witness was to be an alibi witness. Notice of this fact had also been given by appellant prior to trial in accordance with Pennsylvania Rule of Criminal Procedure 312, which was in effect at the time. Obviously, the absent witness was expected to corroborate the appellant's own testimony.

Furthermore, the facts indicate that it was likely that the witness could be produced if only a short continuance had been granted. The witness lived in the county, his address was known, and information was received by the trial court that he was working and had slept at home the night before the last request for continuance was denied. The police had had the bench warrant for only one day, which proved not long enough to effect service. Considering all of these circumstances, the trial court should have granted the requested continuance.

Judgment of sentence reversed and a new trial granted.

JONES, C. J., dissents.