485 A.2d 1138

**COMMONWEALTH of Pennsylvania**

v.

**William MAUTE, Appellant.**

Superior Court of Pennsylvania.

Argued May 10, 1984.

Filed Dec. 7, 1984.

Petition for Allowance of Appeal Denied April 24, 1985.

Lawrence A. Ruth, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that (1) his speedy trial rights were violated, (2) the trial judge made numerous errors, and (3) his trial counsel was ineffective. We find these contentions meritless and, accordingly, affirm.

On February 26, 1980, appellant was arrested on charges of rape, involuntary deviate sexual intercourse, indecent assault and corruption of a minor. He was arraigned on March 3, 1980, and a preliminary hearing was scheduled for ten days later. On March 13, 1980, a snowstorm closed the district court, and the preliminary hearing was rescheduled for March 21, 1980. On that date, appellant failed to appear. He was arrested in Wyoming two and one-half months later and returned to the Commonwealth on June 5, 1980. His preliminary hearing was held on June 11, 1980 and continued to June 18. Following an October 20–23, 1980 jury trial, appellant was found guilty of all charges except the rape charge. Post-verdict motions were denied on May 18, 1982, and on July 20, appellant was sentenced to a term of imprisonment of eight-to-twenty years. This appeal followed.

Appellant first contends that he was denied a speedy disposition of the charges filed against him. He alleges that his preliminary hearing was not timely and that he did not receive notice of it. Pa.R.Crim.P. 140(d) provides that a preliminary hearing shall be scheduled "not less than three nor more than ten days after preliminary arraignment unless extended for good cause shown," and that the defendant shall have notice of the time and place of the hearing. Here, we find that the snowstorm was good cause for rescheduling the preliminary hearing for March 21,

1980, beyond the ten day limitation. We also find appellant's claim that he was not given notice of the hearing to be without merit. Detective Raymond Bechtel testified that, on March 13, 1980, the district judge advised appellant by phone of the date and time of the rescheduled hearing. (N.T., Rule 1100 Hearing, October 20, 1980 at 25).

■ Appellant also argues that his right to a speedy trial under Pa.R.Crim.P. 1100 was violated. Rule 1100(a)(2) provides that trial in a court case must commence within 180 days from the date on which the criminal complaint is filed. In making that computation, however, any periods of time in which the defendant was unavailable are excluded. Pa.R.Crim.P. 1100(d)(3)(i). Here, we find that appellant was unavailable from the time he failed to appear for the March 21, 1980 hearing until his June 5, extradition from Wyoming, a period of seventy-six days. Excluding that period, the Rule 1100 run date is extended to November 4, 1980, 256 days from the date the complaint was filed. Because the trial commenced on October 20, 1980, we hold that Rule 1100 was not violated.[1]

■ Appellant next contends that the eleven month delay between the argument of his post-verdict motions and the order denying them was excessive. Pa.R.Crim.P. 1122 provides that post-verdict motions must be decided within thirty days after argument, "except under unusual circumstances." Here, appellant's post-verdict motions were argued on May 18, 1981. Because of the nature of these motions, two evidentiary hearings were held on July 14, 1981 and May 13, 1982. The delay in holding the second hearing was occasioned by the unavailability of a necessary witness who was in the Navy. The trial court then decided the motions five days after the second hearing. Under these circumstances, we hold that the delay was not improper.

1. Before appellant was brought to trial, the Commonwealth petitioned for Rule 1100 extensions on two occasions. Because we have found that appellant's trial was timely, even without those extensions, we need not address whether those petitions were properly granted.

 Appellant also complains of the two month delay before his sentencing and the lapse of thirteen months between the filing of his notice of appeal and the issuance of the lower court's opinion. While unreasonable delay by the courts is not to be encouraged, the constitutional and statutory rules guaranteeing speedy trials do not apply to post-trial proceedings, particularly in the absence of a showing of prejudice. *Commonwealth v. Hill,* 267 Pa.Superior Ct. 264, 268, 406 A.2d 796, 798 (1978). Here, because appellant has not made such a showing, we find his claim meritless.

 Appellant next claims that remarks made by a Commonwealth witness raised an inference of previous criminal conduct on appellant's part sufficient to warrant a mistrial. In response to cross-examination by defense counsel, the witness testified that she had known appellant "since he came home from jail." (N.T. October 20–23, 1980 at 79). Ordinarily, admission of testimony which describes, or from which the jury may infer, past criminal conduct by a defendant constitutes reversible error. *Commonwealth v. Nichols,* 485 Pa. 1, 4, 400 A.2d 1281, 1282 (1979); *Commonwealth v. Colon,* 264 Pa.Superior Ct. 314, 321, 399 A.2d 1068, 1071 (1979). However, not all such references warrant reversal. An isolated passing reference to prior criminal activity will not warrant reversal unless the record indicates that prejudice resulted from the remark. *Commonwealth v. Nichols, supra; Commonwealth v. Bowermaster,* 297 Pa.Superior Ct. 444, 451, 444 A.2d 115, 118 (1982). There is no *per se* rule which requires a new trial for every passing reference to prior criminal conduct. *Commonwealth v. Richardson,* 496 Pa. 521, 526, 437 A.2d 1162, 1165 (1981); *Commonwealth v. Bowermaster, supra.* Additionally, the possible prejudicial effect of a witness' reference to prior criminal conduct by the defendant may, under certain circumstances, be removed by a cautionary instruction. *Commonwealth v. Richardson, supra.* In *Richardson,* our Supreme Court held that the trial court properly refused to grant a mistrial when a defense witness

testified on cross-examination to prior unrelated criminal conduct by the defendant. In so holding, the Court focused on the nature of the remark, the fact that the remark was not deliberately introduced or exploited by the Commonwealth, and the prompt curative instruction given by the trial court. In the instant case, equally strong factors compel the same result. Appellant's own counsel accidentally elicited the objectionable testimony. The remark was isolated and was not repeated or otherwise emphasized. Moreover, unlike the remark in *Richardson*, the instant comment did not refer to specific criminal conduct. Accordingly, any prejudice which may have resulted could have been remedied by a curative instruction. Defense counsel, however, refused the trial court's offer to strike the testimony and caution the jury to disregard it, because he believed that such a course of action would draw unnecessary attention to the remark. (N.T. October 20–23, 1980 at 79–81). Therefore, we find that the trial court's refusal to declare a mistrial on this basis was not reversible error. *See Commonwealth v. Whiting*, 278 Pa.Superior Ct. 519, 524, 420 A.2d 662, 664 (1980) (where cautionary instruction which would have cured prejudice is waived, refusal to declare a mistrial is proper).[2]

Appellant also argues that he is entitled to a new trial because the jury foreman took notes when the trial court, upon jury request, repeated the elements of the crimes charged. Under Pennsylvania law, it is improper for a juror to take notes during a trial and to use those notes in the jury room. Pa.R.Crim.P. 1113; *Commonwealth v. Pierce*, 453 Pa. 319, 322, 309 A.2d 371, 372 (1973). If a

---

**2.** Appellant also asserts that a mistrial was warranted by the fact that a juror may have seen him in handcuffs. Ordinarily, we will not consider any issue which is not set forth in the statement of questions section of the appellate brief. Pa.R.A.P. 2116; *Kerr v. O'Donovan*, 389 Pa. 614, 630, 134 A.2d 213, 220–221 (1957). Because appellant has neither presented the issue for review in his statement of questions, nor cited any relevant authority in his argument, we decline to consider the issue. Even if the issue had been properly presented to us, however, we note that appellant has failed to present any evidence to support his contention that a juror saw him in handcuffs.

defendant can establish prejudice from such conduct, he is entitled to a new trial. *Id.* In the instant case, appellant has not introduced any evidence regarding the juror's note-taking or established any prejudice. We therefore find this argument meritless.

■■■■■ Appellant next contends that it was error for the trial court to refuse to instruct the jury with the maxim "falsus in uno, falsus in omnibus," *i.e.,* if a witness willfully and corruptly swears falsely to any material fact in a case, the jury may disregard all of that witness' testimony. *See Commonwealth v. Parente,* 184 Pa.Superior Ct. 125, 131, 133 A.2d 561, 564 (1957). Before the maxim is applicable, however, the falsehood must be "wilful and corrupt" rather than mere contradiction or self-contradiction. *Id.* Because this maxim has been criticized as superfluous and likely to create misunderstanding, the propriety and necessity of charging the jury with it has been questioned. *Commonwealth v. Levenson,* 282 Pa.Superior Ct. 406, 415–16, 422 A.2d 1355, 1360–61 (1980). In the instant case, the trial court found that the instruction was inapplicable because "there was no indication of deliberate falsehood by any Commonwealth witness." (Lower Court Opinion at 8).[3] Furthermore, the court felt that such an instruction was likely to confuse the jury. (N.T. October 20–23, 1980 at 326). When evaluating the correctness of an instruction to a jury, the charge must be read and considered as a whole. *Commonwealth v. Rodgers,* 459 Pa. 129, 139, 327 A.2d 118, 120 (1974). Having reviewed the jury charge, we find that the trial court did not err in refusing to give appellant's instruction, and adequately instructed the jury with regard to witness credibility.

■■■■■ Appellant's next argument is that the trial court erroneously refused to grant a continuance in the middle of the trial. Appellant claims that a continuance was necessary to serve a bench warrant on a missing witness. "The denial of a continuance by the trial judge constitutes revers-

---

3. Appellant also fails to point to any testimony which would warrant the instruction under this standard.

ible error only if there has been an abuse of discretion."
*Commonwealth v. Howard,* 466 Pa. 445, 447, 353 A.2d 438,
438 (1976); *Commonwealth v. Bellacchio,* 296 Pa.Superior
Ct. 468, 475–76, 442 A.2d 1147, 1150 (1982). The considera-
tions which underlie the exercise of a trial judge's discretion
to grant or refuse a continuance based on the absence of a
material witness include whether the witness is essential to
the defense or necessary to strengthen the defense, the
diligence exercised to procure the witness' presence at trial,
the facts to which the witness could testify, and the likeli-
hood that the witness could be procured at the next term of
court. *Commonwealth v. Howard, supra* 466 Pa. at 448,
353 A.2d at 439. Appellant presented no evidence to satisfy
any of these conditions. Accordingly, we find that the trial
court did not abuse its discretion by refusing to grant a
continuance.

　　　　　　Appellant next contends that the Common-
wealth's evidence was so contradictory that it could not
form the basis for a guilty verdict. Where evidence offered
to support a verdict of guilty is so unreliable or contra-
dictory as to make any verdict based thereon pure conjec-
ture, a jury may not be permitted to return such a finding.
*Commonwealth v. Farquharson,* 467 Pa. 50, 60, 354 A.2d
545, 550 (1976); *Commonwealth v. Bennett,* 224 Pa.Superi-
or Ct. 238, 240, 303 A.2d 220, 221 (1973). Mere evidence of
a conflict in the prosecution's evidence is not fatal to its
case, however, because the Commonwealth is not bound by
everything its witnesses say, and the jury can believe all,
part, or none of the testimony. *Commonwealth v. Dun-
can,* 473 Pa. 62, 68, 373 A.2d 1051, 1053 (1977). The
applicable standard is whether the evidence, taken as a
whole, would support a verdict. *Commonwealth v. Farqu-
harson, supra.* Here, minor inconsistencies in testimony
pointed out by appellant do not create such contradictions
as to make the jury verdict mere conjecture. After review-
ing the record, we hold that the evidence was sufficient to
support the verdicts. *See Commonwealth v. Rose,* 463 Pa.

264, 267–68, 344 A.2d 824, 825–26 (1975) (standard for evaluating sufficiency of evidence).

 Appellant also claims that the verdicts were inconsistent, thus warranting an arrest of judgment. He argues that his acquittal on the rape charge was inconsistent with his conviction on the charge of involuntary deviate sexual intercourse. Consistency in criminal verdicts is not necessary, and logical inconsistencies will not serve as grounds for reversal. *Commonwealth v. Williams,* 294 Pa.Superior Ct. 93, 97–98, 439 A.2d 765, 768 (1982). Inconsistent verdicts are proper so long as the evidence is sufficient to support the convictions the jury has returned. *Commonwealth v. Shaffer,* 279 Pa.Superior Ct. 18, 22, 420 A.2d 722, 724 (1980). Because we have held that the evidence in the instant case supports the jury verdict on the involuntary deviate sexual intercourse charge, we find appellant's claim meritless.

 Appellant's next contention is that the trial court erred in relying upon sentencing guidelines which were not then in effect. During sentencing, the trial court stated that, although the new guidelines were not due to become effective for two days, he had found them useful. (N.T. July 20, 1982 at 9).

> The imposition of sentence is a matter vested in the sound discretion of the sentencing judge, whose determination will not be disturbed on appeal absent a manifest abuse of discretion. If the sentence is within statutory limits there is no abuse of discretion unless the sentence is so manifestly excessive as to inflict too severe a punishment.

*Commonwealth v. Russell,* 313 Pa.Superior Ct. 534, 545, 460 A.2d 316, 322 (1983) (citations omitted). In the instant case, appellant was sentenced within the statutory maximums. Furthermore, the trial court noted that if it had not applied the new guidelines, appellant's sentence might have been more severe. (N.T. July 20, 1982 at 9). After reviewing the record, we hold that the sentence was not manifest-

ly excessive, and that the trial court did not abuse its sentencing discretion.[4]

■ Appellant's next argument is that the statutory prohibition against involuntary deviate sexual intercourse is an unconstitutional denial of equal protection.[5] As a general rule, issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Waiver may not be avoided by alleging that the issue is of constitutional dimension. *Commonwealth ex rel. Bulson v. Bulson*, 278 Pa.Superior Ct. 6, 8–9, 419 A.2d 1327, 1328–29 (1980). Because appellant did not raise this issue below, we find it waived.

■ Appellant further contends, however, that his trial counsel was ineffective for failing to raise the unconstitutionality of the prohibition against involuntary deviate sexual intercourse. When confronted with a claim of ineffectiveness, we must first determine whether the issues underlying the claim are of arguable merit. If the underlying issues are found to have arguable merit, then we determine whether the strategy chosen by trial counsel had some reasonable basis designed to effectuate the client's interests. *Commonwealth v. Evans*, 489 Pa. 85, 91, 413 A.2d 1025, 1028 (1980); *Commonwealth v. Kaufman*, 307 Pa.Superior Ct. 63, 73, 452 A.2d 1039, 1049 (1982). Counsel will not be deemed ineffective for failing to raise a meritless

---

4. Appellant also claims that the trial court failed to place on the record the relevant factors in imposing sentence. In light of appellant's concession in his appellate brief that the trial court *did* place its reasons for imposing the sentence in the record, we find this claim patently frivolous. *See* Brief for Appellant at 34.

5. 18 Pa.C.S.A. § 3123 defines involuntary deviate sexual intercourse as follows:

A person commits a felony of the first degree when he engages in deviate sexual intercourse with another person:
(1) by forcible compulsion;
(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;
(3) who is unconscious;
(4) who is so mentally deranged that such a person is incapable of consent; or
(5) who is less than 16 years of age.

claim. *Commonwealth v. Penn*, 497 Pa. 232, 247, 439 A.2d 1154, 1160, *cert. denied sub nom., Penn v. Pennsylvania*, 456 U.S. 980, 102 S.Ct. 2251, 72 L.Ed.2d 857 (1982).

Appellant bases his constitutional claim upon the successful equal protection argument made in *Commonwealth v. Bonadio*, 490 Pa. 91, 415 A.2d 47 (1980). In *Bonadio*, our Supreme Court held that the statutory prohibition against *voluntary* deviate sexual intercourse[6] violated equal protection because the statutory definition of deviate sexual intercourse impermissibly discriminated against unmarried persons.[7] The Supreme Court rejected the Commonwealth's argument that the married-unmarried classification was justified by the legislature's intent to forbid *voluntary* deviate sexual intercourse in general, while creating an exception to further the state interest in promoting marital privacy. *Id.*, 490 Pa. at 99, 415 A.2d at 51. It found that such a regulation of the private conduct of consenting adults exceeded the proper bounds of the Commonwealth's police power, and, therefore, the classification did not have a rational relationship to a valid legislative objective. *Id.*[8] However, the *Bonadio* Court distinguished cases involving *involuntary* deviate sexual intercourse by noting that the Commonwealth does have a strong interest in preventing people from being forced against their will to

6. 18 Pa.C.S.A. § 3124 defines voluntary deviate sexual intercourse as follows:
 A person who engages in deviate sexual intercourse under circumstances not covered by section 3123 of this title (related to involuntary deviate sexual intercourse) is guilty of a misdemeanor of the second degree.

7. 18 Pa.C.S.A. § 3101 defines deviate sexual intercourse as follows:
 Sexual intercourse per os or per anus between human beings who are not husband and wife, and any form of sexual intercourse with an animal.

8. Except where an invidious discrimination against a suspected class is at issue or a fundamental right is burdened, "a legislative classification must be sustained unless it is 'patently arbitrary' and bears no rational relationship to a legitimate governmental interest." *Singer v. Sheppard*, 464 Pa. 387, 402, 346 A.2d 897, 905 (1975), *quoting Frontiero v. Richardson*, 411 U.S. 677, 683, 93 S.Ct. 1764, 1768, 36 L.Ed.2d 583 (1973).

submit to sexual conduct. *Id.*, 490 Pa. at 95, 415 A.2d at 49. In such cases, the Court stated that the legislative protection of marital privacy bears a rational relationship to a legitimate governmental interest. Here, we concur in our Supreme Court's reasoning and find that the prohibition against involuntary deviate sexual intercourse does not violate equal protection. Accordingly, appellant's counsel was not ineffective for failing to raise a meritless claim.

Appellant also contends that counsel was ineffective for advising him not to testify at trial. "The choice of whether to testify rests on the accused, it being counsel's function to advise fully of the consequences." *Commonwealth v. Lincoln,* 270 Pa.Superior Ct. 489, 494, 411 A.2d 824, 827 (1979). In the instant case, trial counsel advised appellant fully of the consequences of testifying. Although counsel emphasized the compelling reasons why appellant should refrain from testifying, including the fact that appellant would thereby be subject to impeachment with his preliminary hearing testimony, N.T. July 14, 1981 at 40–50, he also advised appellant that if he should testify his prior record could not be used against him. (N.T. October 20–23, 1980 at 291). Because appellant and his counsel had some differences of opinion during the trial, appellant's agreement to follow counsel's advice that he not testify was placed on the record. (N.T. October 20–23, 1980 at 289–92). Finding counsel's advice to be reasonably designed to effectuate appellant's interests, we hold that there was no ineffectiveness.

Appellant's last contention is that counsel was ineffective for failing to call certain witnesses. Trial counsel need not call to the witness stand every witness mentioned by a defendant when counsel has a reasonable basis to believe that such witness would not be helpful to the client's defense. *Commonwealth v. Banks,* 267 Pa.Superior Ct. 10, 13, 405 A.2d 1277, 1279 (1979). Here, counsel testified as to the reasons he felt the witnesses suggested by appellant would not be helpful. *See* N.T. October 20–23, 1980 at 289; N.T. July 14, 1981 at 18–29. After reviewing

these reasons, we hold that trial counsel was not ineffective for failing to call these witnesses.[9]

For the foregoing reasons, we affirm the judgment of sentence.

Affirmed.

**9.** Appellant specifically alleges that the testimony of Gerald Moore, whom trial counsel was unable to locate, would have contradicted that of the Commonwealth's witnesses. However, Moore's testimony at the second evidentiary hearing on the post-verdict motions only contradicted that of Commonwealth witnesses on collateral matters. Because "[e]xtrinsic evidence is improperly admitted in rebuttal if it is relevant only to a collateral matter," *Commonwealth v. Wright*, 308 Pa.Superior Ct. 263, 267, 454 A.2d 122, 124 (1982), we find that counsel was not ineffective for failing to call Moore.