393 A.2d 490

COMMONWEALTH of Pennsylvania, Appellee,

v.

Christopher TERRY, Appellant.

Superior Court of Pennsylvania.

Submitted April 10, 1978.

Decided Oct. 20, 1978.

Lester G. Nauhaus, Assistant Public Defender, Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, and Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-
CONE, PRICE, VAN der VOORT, SPAETH and HESTER,
JJ.

PER CURIAM:

Before the court is an appeal from the judgment of
sentence of the Court of Common Pleas of Allegheny Coun-
ty, Pennsylvania.

On December 10, 1976, appellant was tried before a jury
and found guilty of the offense of assault by a prisoner (18
Pa.C.S. 2703).[1] Following the lower court's denial of timely
filed post-trial motions, appellant was sentenced on May 24,
1977 to imprisonment of six to eighteen months, to run
consecutively to any sentence then being served or remain-
ing to be served.

The facts are as follows: On July 19, 1976, at approxi-
mately 8:10 P. M., at the Allegheny County Jail, Pittsburgh,
Pennsylvania, appellant and another jail inmate were in-
volved in an altercation over who would be the "ranger" for
the evening. Both inmates had been independently assigned
to be the "ranger" by separate officers and each was reluc-
tant to return to his cell. (The "ranger" is a designated
inmate who is permitted to remain outside his cell following
lock-up for approximately two additional hours for the pur-
pose of cleaning and maintaining the cell range (T. 47).

Although ordered, appellant refused to return to his cell
and lock-up. Thereafter, appellant was seized by prison
guards and removed to an area of the jail compound known
as the "upper circle". There appellant slipped free of the
officers' hold (T. 92), ran to the "circle desk" and picked up a
bull horn megaphone from the desk. Various other inmates
aware of the commotion viewed the incident hereinafter

1.  18 Pa.C.S.A. § 2703, 1974, Dec. 10, P.L. 810, No. 268, § 1 provides:
    "A person who has been sentenced to imprisonment for any term of
    years in any penal or correctional institution, located in this Com-
    monwealth, is guilty of a felony of the second degree if he, while
    undergoing imprisonment, intentionally or knowingly commits an
    assault upon another with a deadly weapon or instrument, or by any
    means or force likely to produce serious bodily injury."

described. As jail guard Peter Sutlic approached, appellant struck him on the head with the aforesaid megaphone (T. 99). Appellant was then subdued and taken to the isolation section of the jail.

Appellant posits three grounds for relief:

(1) That the Commonwealth's evidence was insufficient to prove that appellant had the requisite intent when guard Peter Sutlic was struck with the bull horn megaphone so as to constitute the crime of assault by a prisoner;

(2) That the trial judge committed reversible prejudicial error when in his charge to the jury he mentioned the prior criminal record of both the appellant and his witnesses and thereafter, compounded said reversible prejudicial error by allowing documentation of same to go out with the jury during its deliberations; and

(3) Appellant was denied his constitutional rights to call witnesses in his behalf where an alleged eyewitness to the incident complained of who had previously been listed as a defense witness in a properly filed petition, was transferred to another penal institution and therefore was not produced at trial in order to testify.

Turning first to appellant's third contention of error, it is agreed that a substantial constitutional precept guarantees an accused the opportunity to present defense witnesses and evidence. As the United States Supreme Court articulated in *Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019, 1023 (1967):

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. *This right is a fundamental element of due process of law.* (Emphasis added)

The Pennsylvania Supreme Court in *Commonwealth v. Digiacomo,* 463 Pa. 449, 345 A.2d 605, 606 (1975), further opined:

It is unquestioned that our Federal Constitution assures the right of an accused to be provided with an adequate opportunity to present his version of the incident to the trier of fact. *Washington v. Texas,* 388 U.S. 14, 18, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); *In Re Oliver,* 333 U.S. 257, 273, 68 S.Ct. 499, 92 L.Ed. 682 (1948).

In recognition of this right, this Court has required the Commonwealth to advise the defense of, and to make available to the defense if possible, all known eyewitnesses, *Commonwealth v. Jones,* 452 Pa. 569, 308 A.2d 598 (1973); *Commonwealth v. Gray,* 441 Pa. 91, 271 A.2d 486 (1970); *Commonwealth v. Carter,* 427 Pa. 53, 233 A.2d 284 (1967).

At trial, appellant called five (5) witnesses—one correctional officer and four current or former Allegheny County Jail inmates. However, Robert Saunders, a purported eyewitness, for whom a defense subpoena had been timely requested, was transferred to the federal penitentiary at Lewisburg, Pennsylvania, (T. 259–260) immediately prior to or during appellant's trial and therefore was not produced as a defense witness. The following in-camera dialogue took place between the appellant and the court during trial:

Defendant . . . I would also like for witnesses that were taken from Allegheny County Jail last Friday to be brought back, subpoenaed, from Lewisburg, due to the fact is the reasons, I believe, the reasons for this person being taken to Lewisburg at that time was because the administration in Allegheny County Jail was aware he was testifying in this case and was a pertinent defense witness. Warden Jennings called the Chief Marshal and had him take Robert Saunders out of Allegheny County Jail so he would not be able to testify today. (T. 259) THE COURT: I ask you this, because when I questioned the Warden to determine where your witnesses were, he advised me that Robert Saunders was a federal prisoner

and an order had been issued by a Federal Judge on Friday to remove the prisoner from Allegheny County to Lewisburg.

THE DEFENDANT: So you cannot bring him back at this time to be subpoenaed? I mean, to testify.

THE COURT: I can bring anybody back, but the question is, is it relevant to bring him back, it is important enough to bring him back to the case, whether it's Commonwealth's case or the Defendant's case? Now, you're asking for information which, in effect, is putting the County Jail and its guards on trial, and I don't know for what. . . . (T. 260).

THE COURT: That's the basis of your argument, isn't it, that your trial ought to be delayed until witnesses no longer are under the influence of the Warden or anyone else in the criminal justice system that might be able to bear pressure on them?

THE DEFENDANT: No, Your Honor. No, no.

THE COURT: That's the way I read you.

THE DEFENDANT: No. What I'm saying, Your Honor, is this, that I have two witnesses in Allegheny County Jail right now that are not willing to testify behind the fact pressure is being placed on them in Allegheny County Jail or Warden Jennings, per se. I also have another key defense witness that at this time is in Lewisburg and was taken out of Allegheny County Jail on Friday. . . . (T. 274–275)

▉ We are of the opinion that appellant's request to have Robert Saunders subpoenaed to testify was a reasonable one; one which under the circumstances was guaranteed him by both the federal and the Pennsylvania [2] Constitu-

2. The Pennsylvania Constitution Art. I—Declaration of Rights, Sec. 9 captioned Rights of Accused in Criminal Prosecutions provides:
In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, *to have compulsory process for obtaining witnesses in his favor*, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give

tions, but one which was wrongfully denied him by the trial court.

The trial court in its Opinion concludes:

> The final argument raised in support of Defendant's motions deal with the Court's failure to make available to Defendant one ROBERT SAUNDERS, an individual who the defense claims was an eyewitness to the incident. While this particular witness was not provided, defendant did have available and utilized the testimony of four fellow inmates who were also eyewitnesses. ROBERT SAUNDERS was not available at trial due to the fact that he was transferred by virtue of Federal Court Order to Lewisburg Federal Prison. The Defendant gave no indication that Mr. Saunders would add anything further to that which the other inmates had submitted. His testimony would have been cumulative at best and as such of questionable probative value.
>
> During the course of his trial, Defendant was afforded the complete cooperation of the Court and the Commonwealth in locating and providing witnesses; to grant a new trial because of the unavailability of Mr. Saunders through no fault of the Commonwealth would do justice to no one. (2a–3a)

For whatever reason, we believe the lower court wrongfully denied appellant the availability of a known eyewitness as well as the possibility of an adequate opportunity to present his version of the incident complained of to the jury. See *Commonwealth v. Digiacomo,* supra. The lower court usurped appellant's prerogative in making the value judgment that Robert Saunders' testimony would be cumulative at best and have little, if any, probative value. Sentence vacated and retrial ordered.

PRICE, J., concurs in the result.

evidence against himself, nor can he be deprived of his life, liberty, or property, unless by the judgment of his peers or the law of the land. (Emphasis added)

VAN der VOORT, J., dissents.

HOFFMAN, J., did not participate in the consideration or decision of this case.