516 A.2d 746

COMMONWEALTH of Pennsylvania

v.

Mark Owen WHITE, Appellant.

Superior Court of Pennsylvania.

Submitted June 16, 1986.

Filed Oct. 22, 1986.

Leroy G. Levan, Reading, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for Commonwealth, appellee.

Before DEL SOLE, MONTEMURO and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for simple assault and harassment. Appellant contends that (1) the trial court erred in denying his motion for a continuance; and (2) his trial counsel was ineffective for (a) failing to conduct a defense, (b) advising him not to consent to a waiver under Pa.R.Crim.P. 1100, and (c) failing to subpoena necessary defense witnesses. We agree that the lower court erred in denying appellant's motion and, accordingly, reverse the judgment of sentence and remand for a new trial.

Appellant, a prisoner in the Berks County Prison, punched a guard and was charged with simple assault and harassment. On the morning of the trial, appellant's counsel motioned for a continuance on the ground that a mix-up in the Public Defender's Office had prevented him from subpoenaing witnesses on appellant's behalf. The court asked appellant if he wanted a continuance and he replied that he did not. The court then denied appellant's motion for a continuance. Appellant was tried by a jury and convicted of both charges. He was sentenced to a six-to-twenty-four-month term of imprisonment. Post-verdict motions were filed and a hearing was held at which appellant was represented by new counsel. The motions were denied and this appeal followed.

Appellant first contends that the trial court erred in denying his motion for a continuance of trial. Appellant argues that he was confused by the terminology used by his

counsel and by the trial court. Specifically, he argues that he did not understand the difference between a continuance of trial and a Motion for Continuance, which involves a waiver of speedy trial rights under Pa.R.Crim.P. 1100. Therefore, he contends that his refusal of a continuance, with the result that he proceeded to trial without witnesses, was not knowingly, intelligently, and voluntarily made. We agree.

■ The grant or denial of a continuance is a matter within the discretion of the trial court. *Commonwealth v. Scott*, 489 Pa. 258, 264, 365 A.2d 140, 143 (1976); *Commonwealth v. Warden*, 335 Pa. Superior Ct. 315, 318, 484 A.2d 151, 152 (1984); *Commonwealth v. Faraci*, 319 Pa. Superior Ct. 416, 421, 466 A.2d 228, 231 (1983). When the defense requests a continuance to obtain a witness, the trial court, in exercising its discretion, should consider (1) the necessity of the witness to strengthen defendant's case; (2) the diligence exercised to procure his presence at trial; (3) the facts to which the witness would testify; and (4) the likelihood that the witness could be produced at the next term of court. *Commonwealth v. Scott, supra; Commonwealth v. Smith*, 442 Pa. 265, 270, 275 A.2d 98, 101 (1971); *Commonwealth v. Franks*, 271 Pa.Superior Ct. 278, 283, 413 A.2d 404, 407 (1979).

■ A criminal defendant has a constitutional right to present defense witnesses and evidence. *Commonwealth v. Terry*, 258 Pa. Superior Ct. 540, 543, 393 A.2d 490, 492 (1978).

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies.... *This right is a fundamental element of due process of law.*

*Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967) (emphasis added). A waiver of a fundamental right must be knowingly, intelligently, and voluntarily made. *Edwards v. Arizona*, 451 U.S. 477, 482,

101 S.Ct. 1880, 1883, 68 L.Ed.2d 378 (1981) (right to counsel); *Barker v. Wingo*, 407 U.S. 514, 529, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972) (right to a speedy trial); *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970) (guilty plea). "Courts should indulge every reasonable presumption against waiver and they should not presume acquiescence in the loss of fundamental rights." *Barker v. Wingo, supra* 407 U.S. at 515–26, 92 S.Ct. at 2189 (citations omitted).

■ Here, at the preliminary hearing, appellant gave his trial counsel a list of names and addresses of eyewitnesses to the incident that appellant wanted to have testify at trial. It was determined at the hearing on the post-verdict motions that these eyewitnesses would have testified that the guard assaulted appellant first and that appellant punched the guard in self-defense. Due to a mix-up at the Public Defender's Office, appellant's file was misplaced until shortly before trial, and his trial counsel was unable to subpoena the witnesses that appellant had requested.

Appellant's trial counsel made a motion for a continuance so that he could have an opportunity to subpoena the witnesses. Before ruling on the motion, however, the trial court asked appellant whether he wanted his case continued:

THE COURT: I was about ready to have a jury brought here to have the case tried. Your attorney just made a request on the record. I guess you heard what he said. He asked to have the case continued so that he could subpoena witnesses. Did you hear that?

DEFENDANT: Yes.

THE COURT: Now, they're not here. He said that he only got the file. There was some mix-up in their office, and he didn't know much about this case until too late to get those witnesses here or even to interview them. He would like to have a continuance so that he can look into that matter and bring those people here for possible wittnesses in your behalf. Do you understand that?

DEFENDANT: Yes.

THE COURT: Do you want the case continued, too?

DEFENDANT: No.

THE COURT: The continuance is refused. He wants the case to go to trial, and he stated that under oath. I didn't ask him anything about waiver.

N.T. July 18, 1984 at 7–8. By stating that he did not want his case continued, appellant waived his fundamental right to present a defense because he was forced to go to trial without the benefit of any of his witnesses. The issue to be determined, then, is whether the waiver was knowing, intelligent, and voluntary.

At the hearing on the post-verdict motions, appellant testified as follows:

Q. So you remember Judge Hess asking you whether or not you wanted the case continued?

A. Yes.

Q. And do you remember your answer?

A. Yes.

Q. What was your answer?

A. No.

Q. Okay. And did you understand by that you wanted the case to go ahead without your witnesses?

A. No.

Q. Okay. What did you mean by that?

A. I wanted my witnesses there but Mr. Ochs informed me to say no if a continuance was asked for because it wasn't my fault that the witnesses weren't there.

Q. Why is it that if you didn't want to go ahead with trial you said you did not want a continuance? What were you saying no to?

A. The continuance, 180 days.

THE COURT: Nobody asked you about the 180 days, you remember? Right there, I read that to you, nothing was said about a waiver.

MR. LEVAN: Did Mr. Ochs [appellant's trial counsel] explain to you the difference between a waiver of the 180 days and a continuance of trial?

A. Yes.

Q. Okay. And then what did he say about it?

A. He said not to give either one because it wasn't my fault.

Q. But did you want to go ahead with the trial without the witnesses?

A. No.

THE COURT: Why did you answer no to me when I asked if you wanted it continued?

A. Mr. Ochs informed me to say no.

N.T. December 3, 1984 at 6–7. We think this testimony reveals that appellant was confused as to the difference between a continuance and a waiver of his right to a speedy trial under Pa.R.Crim.P. 1100. We note that there were reasonable grounds for appellant's confusion. The form used by the Berks County Court of Common Pleas for waiver of speedy trial rights under Rule 1100 is called a "Motion for Continuance." Brief for Appellant at 23 (Exhibit A). In addition, appellant's trial counsel referred to tendering a waiver of Rule 1100 on appellant's behalf as signing "the continuance form." N.T. December 3, 1984 at 26. Appellant makes it clear in his testimony at the hearing on the post-verdict motions that he did not want to go to trial without his witnesses present. Thus, appellant did not understand the consequences of his refusal to have his trial continued. Because his refusal amounted to a waiver of his fundamental right to call witnesses on his behalf, we find that appellant's refusal was not knowingly, intelligently, and voluntarily made.

Appellant's confusion as to the meaning of a continuance should have been apparent to the court. Before appellant stated that he did not want a continuance, his trial counsel made an extensive argument in favor of his motion for a continuance. N.T. July 18, 1984 at 3–6. The argument was described as "a heated exchange" during which each person was adamant in their respective positions. N.T. December 3, 1984 at 37. There was no evidence of bad faith or dilatory tactics on the part of the defense in asking for the continuance. In fact, the trial court indicated that it was willing to grant the continuance. N.T. July 18, 1984 at 5, 6.

When appellant replied that he did not want a continuance, no attempt was made by the court to reconcile this response with his trial counsel's adamant position in favor of the continuance. The trial court merely denied the continuance without inquiring as to the reason for the discrepancy between the positions of appellant and his trial counsel.

It was evident that a denial of the continuance would mean a trial without any defense witnesses. The trial court did not inquire into the facts to which the witnesses would testify or the necessity of their testimony to appellant's defense. There is no evidence that the trial court considered any of the factors enumerated in *Commonwealth v. Smith, supra,* before denying the continuance. From the testimony adduced at the hearing on the post-verdict motions, we conclude that the eyewitnesses were essential to appellant's defense and that their presence and ability to testify on behalf of appellant was necessary to ensure a fair trial. Accordingly, we find that the trial court abused its discretion when it denied the continuance.

Because we find this abuse of discretion to be an adequate ground for a new trial, we do not address appellant's other contentions. Accordingly, we reverse the judgment of sentence and remand for a new trial. Jurisdiction is relinquished.