J-A02014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY JOESEPH WEBER | : | |
| | : | |
| Appellant | : | No. 1508 WDA 2023 |

Appeal from the Judgment of Sentence Entered December 1, 2023
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0002350-2022

BEFORE:  KUNSELMAN, J., MURRAY, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED: April 8, 2025**

Anthony Joeseph Weber appeals from the judgment of sentence of seven years' probation after a jury convicted him of driving under the influence ("DUI") of alcohol.[1]  In addition to challenging the sufficiency of the evidence supporting his DUI conviction, Weber contends that the trial court misapplied the Sixth Amendment to the Constitution of the United States[2] by preventing him from questioning a Commonwealth witness about a separate DUI incident. We dismiss his constitutional challenge as waived and affirm.

_____

[1] *See* 75 Pa.C.S.A. §§ 3802(a)(1) and 3802(c).  The trial court also convicted Weber of various summary offenses, which are not at issue in this appeal. *See* 75 Pa.C.S.A. §§ 1543(a), 3361, and 3714.

[2] The Sixth Amendment dictates, in relevant part, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."  U.S. Const. amnd. VI.

On December 20, 2020, around 11:00 p.m., Weber was driving his car in Westmoreland County with a blood-alcohol content ("BAC") of 0.211. His friend, Christian Meyer, who was also intoxicated, rode in the passenger seat of Weber's car. Weber was "driving at a high rate of speed when the car went around a turn, skidded on the ice, and hit a tree." Trial Court Opinion, 1/29/24, at 3-4.

The two men exited the vehicle. Weber then dropped his hat, which matched his shirt, on the ground near the driver-side door. The men began walking up the road, away from the crash site.

The local fire department was first to respond to the accident. A fire fighter saw the men by the road and stopped to help them. They were both visibly intoxicated. Mr. Meyer was wearing a hat, but Weber was not. An ambulance soon arrived, and a Pennsylvania State Trooper followed. Weber attempted to leave the scene and lied to the police regarding his ownership of the wrecked car.

The emergency responders transported Weber to a hospital, and blood work revealed his BAC. The Commonwealth charged Weber with DUI and related, summary offenses.

Six months later, police arrested Mr. Meyer for DUI, which involved an unrelated incident. The Commonwealth admitted Mr. Meyer to Advanced Rehabilitation Disposition ("ARD"), because it was his first offense.

Eventually, Weber's case proceeded to a jury trial. On the morning of jury selection, the Commonwealth and Weber argued various issues that they anticipated would arise during the trial.

Neither party filed a motion *in limine* or made an oral motion before the trial court. However, everyone proceeded as if someone moved for the court to rule on whether Weber could question Mr. Meyer regarding Mr. Meyer's subsequent DUI arrest and ARD. **See** N.T., 9/11/23, at 2-10. The Commonwealth opposed such questioning as being irrelevant to Weber's charges, and Weber sought the trial court's authorization to pursue it. In essence, the parties' arguments were cross motions *in limine* concerning Weber's cross-examination of Mr. Meyer.

Weber cited one case to the trial court, **Commonwealth v. Yale**, 249 A.3d 1001 (Pa. 2021). He made no mention of the Sixth Amendment, federal constitutional law, or his right to a fair trial. In fact, the only party to argue the federal constitution was the Commonwealth. It claimed Weber's intended questioning of Mr. Meyer would violate **Mr. Meyer's** Fifth Amendment right against self-incrimination.[3]

Weber argued that, under **Yale**, "evidence that demonstrates that the charged crime was committed by someone other than the defendant is relevant and admissible at trial in determining the relevant proffer by the defendant of a third party's guilt." N.T., 9/11/23, at 3. The "evidence is

---

[3] "No person shall be . . . compelled in any criminal case to be a witness against himself . . . ." U.S. Const. amnd. V.

relevant if it's sufficiently similar to the charged crime that would tend to negate the defendant's guilt." *Id.* In other words, Weber wanted to argue to the jury that, because Mr. Meyer allegedly committed a DUI six months after the at-issue DUI, Mr. Meyer was more likely to have been the driver on December 20, 2020 than Weber.

The trial court ruled that Mr. Meyer's subsequent arrest and admission to ARD were irrelevant. The court found that Weber produced no evidence of similarity between the manner in which Mr. Meyer had allegedly committed his DUI and the manner in which the at-issue DUI occurred. There was nothing in the record to establish a pattern of conduct, such as a criminal calling card or hallmark of the offense, to link Mr. Meyer to the December 20, 2020 incident. The mere "fact that someone got another DUI, in [the trial court's] mind, is not relevant to whether or not he was driving DUI on a previous occasion." *Id.* at 24.

At trial, Mr. Meyer testified that, on December 20, 2020, Weber was the driver of the vehicle. The jury credited Mr. Meyer's testimony and convicted Weber. The trial court sentenced him as described above, and Weber timely appealed.

Weber raises two appellate issues, which we have reordered as follows:

1. Whether the verdict returned by the jury was supported by sufficient evidence, specifically relating to the elements of the DUI charge?

2. Whether the [trial] court committed reversible error by refusing to permit [Weber] to question [Mr.] Meyer regarding his subsequent DUI charge and ARD disposition?

Weber's Brief at 8.

In his sufficiency-of-the-evidence claim, Weber argues that, because the only direct evidence that he drove his car on December 20, 2020 came from Mr. Meyer, the Commonwealth's evidence "was so unreliable and tainted as to render the verdict flawed." *Id.* at 15. In Weber's view, Mr. Meyer "had ample reason to provide incredible testimony . . . because he was aware by virtue of his own conduct that his ARD would be revoked, and he [would] face prosecution for perhaps as many was two DUI offenses," if he confessed to the December 20, 2020 DUI. *Id.*

Weber essentially argues that the Commonwealth did not meet its burden of establishing his identity as the driver of the vehicle. He makes this claim based solely on his assertion that Mr. Meyer's testimony that Weber was the driver was not credible. In rejecting this claim, the learned Judge Timothy A. Krieger of the Court of Common Pleas of Westmoreland County correctly opined:

> The standard of review for claims of insufficient evidence is well-settled; the evidence is considered in the light most favorable to the Commonwealth as verdict winner. "In that light, we decide if the evidence and all reasonable inferences from that evidence are sufficient to establish the elements of the offense beyond a reasonable doubt." *Commonwealth v. Devries*, 112 A.3d 663, 667 (Pa. Super. 2015); *Commonwealth v. Barkman*, 295 A.3d 721, 731 (Pa. Super. 2023) . . . "This standard is equally applicable to cases where the evidence is circumstantial, rather than direct, so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) . . . .

The prosecution must be given the benefit of all reasonable inferences to be drawn from the evidence . . . The factfinder is free to believe all, part, or none of the evidence. ***See Commonwealth v. Treiber***, 874 A.2d 26, 30 (Pa. 2005) . . . "[A] sufficiency claim must accept the credibility and reliability of all evidence that supports the verdict." ***Barkman***, 295 A.3d at 733.

\* \* \*

Turning to the case at hand, the Commonwealth's witness, [Mr.] Meyer, provided the only direct evidence that [Weber] was driving a car while under the influence of alcohol. [Weber] argues that [Mr.] Meyer was not credible; therefore, his testimony should be disregarded. Accordingly, [Weber] submits there is insufficient evidence to identify [him] as the driver of the car. This argument holds the Commonwealth's evidence to a standard not supported by the law.

A jury, sitting as factfinder, heard the testimony offered by [Mr.] Meyer, had the opportunity to consider its credibility, and was able to evaluate it in the context of all of the rest of the testimony of the witnesses and the Commonwealth's [other] evidence. "A sufficiency claim must accept the credibility and reliability of all evidence that supports the verdict." ***Barkman*** at 733. [Weber's] suggestion that this Court ignore the testimony of a witness, because [Weber] does not find him to be credible, even though a jury of twelve citizens disagrees, has no legal merit.

Further, the testimony by [Mr.] Meyer does not stand in a vacuum. There is additional circumstantial evidence supporting [Mr. Meyer's] identification of [Weber] as the driver – [Weber owned] the car involved in the accident; a hat which appeared to belong to [Weber] was found on the driver's side of the car; and there was some evidence that [Weber] tried to leave the scene. Finally, [Weber's] denial that he owned the car . . . can be taken as consciousness of guilt. All of this evidence circumstantially provides support to [Mr.] Meyer's testimony.

Read in the light most favorable to the verdict winner, the entire record of the Commonwealth's evidence establishes that [Weber] was the driver [on December 20, 2020], that [he] was intoxicated to the extent that he was not capable of safe driving, and that [Weber's BAC] was in excess of 0.16. The evidence is more than sufficient to support the verdict.

Trial Court Opinion, 1/29/24, at 8-11 (some citations omitted).

We adopt the above analysis as the opinion of this Court. Hence, we dismiss Weber's sufficiency-of-the-evidence issue as meritless.

As for Weber's remaining appellate issue – regarding the trial court's pre-trial ruling to prevent him from questioning Mr. Meyer concerning Mr. Meyer's subsequent arrest for DUI – Weber advances a constitutional claim for the first time on appeal. He asserts that, by preventing him from asking Mr. Meyer about Mr. Meyer's arrest for DUI, the trial court "fundamentally denied [Weber] the right to a fair trial." Weber's Brief at 11. "By granting the Commonwealth's motion *in limine* [and denying Weber's motion *in limine*], the trial court limited [Weber's] presentation of his version of events, thereby abrogating [his] 'right to present [his] version of events of the facts, as well as the prosecution's [version] to the jury so it may decide where the truth lies.'" *Id.* at 11 (quoting *Commonwealth v. Terry*, 393 A.2d 490, 492 (Pa. Super. 1978) (quoting *Washington v. Texas*, 388 U.S. 14, 19 (1967))).

In Weber's view, the trial court violated his right to present his version of the case, as required under the Sixth Amendment to the federal constitution. *See id.* at 14-15. Hence, according to Weber, the trial court "erred, as a matter of law, by granting the Commonwealth's motion *in limine*, thereby [denying him] the right to a fair trial." *Id.* at 11 (capitalization and bold-faced type removed).

In addition, Weber argues that the evidence satisfied the test in Rule of Evidence 401 to be relevant. *See id.* at 12-13. In making this argument, he

relies upon facts not of record. Specifically, Weber contends, for the first time on appeal, that the facts of Mr. Meyer's subsequent DUI charge were substantially similar to the facts proven at Weber's trial. Weber claims, "Of the five ways in which a person may be charged with [DUI]; it would appear from the **records** available to counsel, [Weber and Mr. Meyer] were under the influence of alcohol, while driving a motor vehicle." *Id.* at 13 (emphasis added and emphasis removed).

Hence, it is clear that appellate counsel is relying upon and referring to the record from Mr. Meyer's ARD case, even though Weber's trial counsel did not make Mr. Meyer's DUI record a part of this appellate record. Weber then alleges several similarities between the two records. However, he never drew the trial court's attention to those similarities during his argument on the cross motions *in limine*.

The Commonwealth responds that this is waiver. **See** Commonwealth's Brief at 15. We agree with the Commonwealth.

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." **Trigg v. Children's Hospital of Pittsburgh of UPMC**, 229 A.3d 260, 269 (Pa. 2020).

"As a general matter . . . issues not raised in lower courts are waived for purposes of appellate review, and they cannot be raised for the first time on appeal." **Id.** (citing Pa.R.A.P. 302(a)). "This is because, as [the Supreme] Court has oft reminded, issue preservation is foundational to proper appellate review." **Id.** (quoting **In re F.C. III**, 2 A.3d 1201, 1211 (Pa. 2010)).

"Requiring issues to be properly raised first in the trial court ensures that trial judges have the opportunity to consider a potential appellate issue and correct any error at the first available opportunity. It also promotes the orderly and efficient use of judicial resources, ensures fundamental fairness to the parties, and accounts for the expense attendant to appellate litigation." *Id.*

Moreover, "it has long been true that failure to raise an issue in the trial court, even one of constitutional dimension, results in waiver of the issue on appeal." *Commonwealth v. Jefferson*, 256 A.3d 1242, 1261 (Pa. Super. 2021).

Here, during his argument on the cross motions *in limine*, Weber never raised any claim to the trial court that it would violate his Sixth Amendment rights if it prevented him from questioning Mr. Meyer about Mr. Meyer's DUI arrest and admission to ARD. Thus, we dismiss his claim that the trial court erred as a matter of federal constitutional law and denied him a fair trial as waived. *See* Pa.R.A.P. 302(a).

Similarly, in attempting to rebut the trial court's ruling that Mr. Meyer's DUI arrest was irrelevant under Rule of Evidence 401, Weber argues a string of facts that he neglected to put into evidence below.[4] Therefore, he makes

---

[4] Because such facts are not in the certified record in this appeal, they are outside our scope of review. We remind Weber's "counsel that evidence *de hors* the record is wholly inapplicable to our review." *Commonwealth v. Nasir*, 308 A.3d 812, 819 n.4 (Pa. Super. 2023), *reargument denied* (Feb. 21, 2024), *appeal denied*, 329 A.3d 588 (Pa. 2024). "An appellate court may consider only the facts which have been duly certified in the record on appeal." Pa.R.A.P. 1921, *Note*.

a different relevancy argument than he made to the trial court. We dismiss this argument as waived, as well.

Weber's evidentiary issue dismissed as waived.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/08/2025