573 A.2d 606

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Dean P. MICELLI.**

Superior Court of Pennsylvania.

Argued March 28, 1990.

Filed April 20, 1990.

James Gilmore, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Norma Chase, Pittsburgh, for appellee.

Before TAMILIA, KELLY and CERCONE, JJ.

TAMILIA, Judge:

This is an appeal by the Commonwealth from the trial court's Order of June 28, 1989, denying the Commonwealth's request for postponement or, in the alternative, the petition for nolle prosse, and dismissing the charges with prejudice.

Appellee was charged on December 20, 1988 with two counts of driving under the influence [1] and one count of possession of drug paraphernalia [2] after an investigation by Officer Patrick J. Manning of the Penn Hills police department. While in the custody of Officer Manning, appellant made inculpatory statements and the Commonwealth intended to call Officer Manning as a main witness in the prosecution. Following a pretrial conference on April 17, 1989, the trial date was set for June 28, 1989. On May 12, 1989, the Commonwealth sent a subpoena to Officer Manning, notifying him of the trial date. On May 16, 1989, however, the Pennsylvania National Guard issued orders to Officer Manning to report for reserve duty for a two-week period, beginning June 24, 1989. On June 15, 1989, the Commonwealth received notice from Officer Manning that he was unavailable on June 28th due to the order he received and, therefore, the Commonwealth petitioned the court on June 19, 1989 for a postponement of trial on the basis that an essential witness would be unavailable. The defense did not consent to a postponement so a full hearing was held on June 28, 1989, at which time the court denied the application for postponement. The Commonwealth immediately petitioned for nolle prosse to stop the prosecution, but this was also denied because the court did not want the Commonwealth to have the opportunity to refile the charges, and appellee's motion to dismiss was granted with prejudice.

1. 75 Pa.C.S. § 3731(a)(3, 4).
2. 35 P.S. § 780–113(a)(32).

The trial court, believing Officer Manning had received his orders "months ago", found the Commonwealth failed to act diligently and, as a result, wasted valuable court time. Finding no excuse for the Commonwealth's failure to notify the court earlier of Officer Manning's unavailability, the court dismissed the charges. The Commonwealth argues this was an abuse of discretion and we agree.

Pa.R.Crim.P. 301, Continuances, provides:

(a) The court may, in the interests of justice, grant a continuance of its own motion, or on the motion of either party. The court shall on the record identify the moving party and state of record the court's reasons justifying the granting or denial of the continuance.

(b) A motion for continuance on behalf of the defendant shall be made not later than forty-eight (48) hours before the time set for the trial. A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it.

The Commonwealth petitioned the court nine days prior to the scheduled trial date so part (b) of the rule has been met. The only question is whether the court abused its discretion in refusing to grant the continuance. The court agreed it was required to consider the factors set forth in *Commonwealth v. Scott*, 469 Pa. 258, 365 A.2d 140 (1976), when deciding a motion for continuance to secure a material witness:

In [*Commonwealth v. Smith*, 442 Pa. 265, 275 A.2d 98 (1971)], this Court set out the criteria to determine the proper exercise of this discretion: (1) the necessity of the witness to strengthen the defendant's case; (2) the essentiality of the witness to defendant's defense; (3) the diligence exercised to procure his presence at trial; (4) the facts to which he could testify; and (5) the likelihood that

he could be produced at the next term of court.[3]

*Id.*, 469 Pa. at 264, 365 A.2d at 143 (citation omitted).

As the Commonwealth notes, there is no real question as to the necessity or essentiality of Officer Manning's testimony; Officer Manning was the investigating and arresting officer to whom appellee made his inculpatory statements. Furthermore, the facts to which he would testify form the basis of the Commonwealth's case against appellee and the Commonwealth would have no problem securing Officer Manning's presence at the next term of court. This Court finds the Commonwealth did act with due diligence in attempting to prepare for trial on June 28th. Officer Manning was given notice on May 12th of the trial date but did not receive his orders for reserve duty until May 16th. He did not notify the district attorney's office of the conflict in his schedule until June 15, 1989 which was a Thursday. The following Monday the Commonwealth petitioned for a continuance. We find the Commonwealth acted diligently and cannot be expected to continually verify the trial date with all of its witnesses. We understand the trial court's concern for not allowing a lackadaisical attitude on the part of litigants to backlog the court with cases being continued but in this instance we find the Commonwealth, in the interests of justice, should have been granted a continuance.

Order reversed.  Case remanded for trial.

---

3.  Although the factors are stated in relation to a defense motion for continuance, they are equally applicable when the prosecution requests a continuance.