J-A18029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MICHAEL BERTIN | |
| Appellee | No. 1859 MDA 2014 |

Appeal from the Order Entered October 9, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No: 14-20, 424

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 17, 2015**

Appellant, the Commonwealth, appeals from the order of the Court of Common Pleas of Lycoming County entered October 9, 2014.[1]  The Commonwealth argues the trial court abused its discretion in refusing a continuance based on the absence of a witness.  The Commonwealth also argues the trial court abused its discretion in dismissing the petitions giving rise to the underlying actions.  We affirm.

The trial court summarized the relevant background as follows:

A temporary Protection [f]rom Abuse [(PFA)] order was entered between Tineesha Harris (hereinafter Plaintiff) and Michael Bertin (hereinafter [Appellee]) on March 31, 2014.  At the Plaintiff's request on June 27, 2014 the [order] was amended to allow

_____

[1] The trial court's October 8, 2014 order was entered on the docket on October 9, 2014.  The caption has been amended to reflect the date of entry of the order.

contact between the parties regarding Plaintiff's pregnancy and child care.  At the time set for the PFA hearing, August 25, 2014, [Appellee failed to appear.  Consequently, the trial court entered a final PFA order].

Plaintiff filed two separate criminal complaints alleging [Appellee] had contacted her in violation of the [PFA] order.  The first complaint was made July 18, 2014 and alleged text messages were received from [Appellee].  The second complaint was made September 9, 2014 and alleged [Appellee] had sent text messages to [Plaintiff].  Contained in the [a]ffidavit of [p]robable cause dated September 4, 2014 is the Plaintiff's statement that the [Appellee] was out of the state and not expected back until the end of September.

[Appellee] was arraigned on October 3, 2014.  On October 3, 2014, notice went to both the Commonwealth and [Appellee] as to the hearing scheduled for October 8, 2014.  [Plaintiff] did not appear on October 8, 2014.  [Appellee] and his counsel were present as well as a police officer present as a witness.  At the time of hearing, no testimony was taken.  Both the attorney for the Commonwealth and [Appellee]'s attorney made argument. The Commonwealth made argument as to their request for a continuance and outlined the efforts made by their office to secure the presence of [Plaintiff].  The Commonwealth sent a subpoena by mail to [Plaintiff] on October 6, 2014.  The Commonwealth also attempted to contact [Plaintiff] by a telephone number contained in the most recent police report, but were informed the number was incorrect.  The Commonwealth did not attempt to contact [Plaintiff]'s attorney or pull the PFA file to obtain information on [Plaintiff]. [Appellee]'s attorney objected to the continuance request and asked the [c]ourt to dismiss the charges.  [Appellee]'s attorney cited the responsibility of the Commonwealth to bring forward witnesses and [its] responsibility to have used hand service to locate and properly serve [Plaintiff].

Trial Court Opinion, 1/5/15, at 2-4 (citations to record omitted).

On appeal, the Commonwealth raised the following issues for our

review:

1. Did the trial court abuse its discretion in denying the Commonwealth's continuance request at the time of the PFA contempt hearing, and dismissing the contempt petitions and denying the motion for reconsideration, when the victim failed to appear for the hearing, which had only been scheduled three business days prior, because she had not received notice of the hearing despite the Commonwealth's reasonable efforts to notify her by mailing a subpoena and attempting to call her using the most recent phone number in its records?

2. Did the trial court abuse its discretion in dismissing the PFA contempt petitions, and denying reconsideration, even if the Commonwealth's efforts were unreasonable and even if the Commonwealth should have requested a continuance prior to the hearing, when the Commonwealth did not engage in willful misconduct and the remedy of dismissal was a sanction out of proportion to the violation, and where other sanctions that did not harm the public interest could have been imposed even if the Commonwealth's conduct constituted willful misconduct?

Appellant's Brief at 7.

Regarding the first claim, our Supreme Court summarized the controlling standard as follows:

We have said that the considerations which underlie the exercise of a trial judge's discretion to grant or refuse a continuance based on the absence of a material witness include whether the witness is essential to the defense or necessary to strengthen the defendant's case, the diligence exercised to procure his presence at trial, the facts to which the witness could testify, and the likelihood that the witness could be produced at the next term of court.

***Commonwealth v. Howard***, 353 A.2d 438, 439 (Pa. 1976) (citing

***Commonwealth v. Smith***, 275 A.2d 98 (Pa. 1971)).[2]

Here, the thrust of the trial court's denial of continuance rests upon

the Commonwealth's inadequate effort to secure the witness's presence at

the PFA hearing.  Specifically, the trial court found as follows:

> The Commonwealth simply mailed the subpoena [to Plaintiff] three days after their receipt of [n]otice of the hearing.  The Commonwealth depended on an overnight delivery although no expedited postal service was requested.  Further, when the Commonwealth learned the number they called was incorrect the office made no attempt to pull the file, contact [Plaintiff]'s attorney or reach [Plaintiff] by any other means.
>
> . . . .
>
> The Commonwealth did not file a continuance request as soon as the issue of the wrong phone number became known.  Instead, the Commonwealth allowed for [Appellee], his attorney and at least one police officer to appear in [c]ourt and depended on the [c]ourt allowing for a continuance. . . .

Trial Court Opinion, 1/5/15, at 6.

In light of the foregoing, despite the trial court's acknowledgement of

the short notice given to the parties, ***see*** N.T. 10/8/14, at 5-6, we are

constrained to agree with the trial court that the "Commonwealth did not

---

[2] "Although the factors are stated in relation to a defense motion for continuance, they are equally applicable when the prosecution requests a continuance." ***Commonwealth v. Micelli***, 573 A.2d 606, 607 n.3 (Pa. Super. 1990).

It is worth noting that the trial court's authority to continue a PFA hearing is also statutorily provided in 23 Pa.C.S.A. § 6107(c).

exercise due diligence in their attempts to have [Plaintiff] present as a witness." ***Id.*** Accordingly, while we might have reached a different conclusion, in light of our standard of review, we conclude that the trial court did not abuse its discretion in denying the Commonwealth's request for a continuance.[3]

Next, the Commonwealth argues the dismissal of the PFA petitions was unwarranted given that the Commonwealth's conduct was not willful and that less severe sanctions were available. In support, the Commonwealth relies on decisions (***e.g.***, ***Commonwealth v. Burke***, 781 A.2d 1136 (Pa. 2001), and ***Commonwealth v. Shaffer***, 712 A.2d 749 (Pa. 1998)) dealing with dismissal of charges because of prosecutorial misconduct. The Commonwealth's reliance on these cases is misplaced.

The trial court did not dismiss the PFA petitions at issue here as a sanction for the Commonwealth's conduct, but as a consequence of the Commonwealth's inability to meet its burden at the hearing. ***See*** Trial Court Opinion, 1/5/15, at 6 ("The charges were dismissed based on the

---

[3] "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Commonwealth v. Dengler***, 890 A.2d 372, 379 (Pa. 2005) (citation omitted); ***see also Ferko-Fox v. Fox***, 68 A.3d 917, 925 (Pa. Super. 2013) (citation omitted) ("An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the results of partiality, prejudice, bias or ill-will.").

Commonwealth's inability to meet its burden at the time set for the hearing. Both [a]ffidavits of [p]robable [c]ause allege [Appellee]'s violation was communicating with [Plaintiff] in violation of the [PFA] Order. Plaintiff was not present to testify to the alleged communications."). Indeed, the PFA Act provides that at the hearing on a PFA petition, "the plaintiff must prove the allegation of abuse by a preponderance of the evidence." 23 Pa.C.S.A. § 6107(a). Because the Commonwealth did not meet its burden at the hearing—a point not disputed by the Commonwealth—the trial court dismissed the PFA petitions. In light of the foregoing, we conclude the trial court did not abuse its discretion in dismissing the PFA petitions.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2015