J-S34041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN MICHAEL SCHREFFLER | : | No. 286 MDA 2025 |

Appeal from the Suppression Order Entered January 29, 2025
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0003890-2024

BEFORE:  STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED: MARCH 6, 2026**

The Commonwealth challenges the trial court's order denying its motion for a continuance and granting the motion to suppress filed by Appellee, Jonathan Michael Schreffler, due to the Commonwealth's failure to secure the presence of an essential witness.  The Commonwealth has certified in its timely notice of appeal that the order will terminate or substantially handicap the prosecution pursuant to Pa.R.A.P. 311.  Upon review, we reverse and remand for further proceedings.

On June 29, 2024, Appellee was arrested, and later charged with, driving under the influence (DUI) – general impairment and driving at an unsafe speed.[1]  Following a preliminary hearing, the charges were bound over the court of common pleas.  After filing a continuance request prior to the

---

[1] 75 Pa.C.S.A. § 3802(a)(1) and 75 Pa.C.S.A. § 3361, respectively.

initial plea hearing, Appellee filed a motion to suppress evidence on November 22, 2024. Contemporaneous with the motion, Appellee also filed another continuance request, noting that the suppression motion should be decided prior to the scheduled trial date of December 4, 2024. The trial court granted the continuance, and scheduled both the suppression and plea hearings for January 29, 2025.

At the January 29th hearing, the Commonwealth informed the court that the affiant, Officer Douglas Klinefelter of the Newberry Township Police Department, was not present. N.T. Suppression Hearing, 1/29/25, at 1. The Commonwealth noted that it sent Officer Klinefelter a subpoena to appear for the hearing on January 9, 2025. *Id.* at 4. After failing to appear for the hearing, the Commonwealth called the officer and spoke with him on the phone. *Id.* at 1. Officer Klinefelter informed the Commonwealth that he had the wrong date for the hearing on his calendar. *Id.* at 2. When asked if he could still attend, albeit late, Officer Klinefelter said that he had the flu and had just left work to start a sick day. *Id.* As Officer Klinefelter had a fever, the Commonwealth told him not to come to court. *Id.* The Commonwealth then asked for a continuance of the suppression hearing. *Id.*

After discussion, the trial court denied the continuance request. The trial court also found that the Commonwealth was unable to meet its burden of establishing that the evidence was not obtained in violation of Appellee's rights. *See id.* at 4. Accordingly, the trial court granted the motion to suppress, and set a new date for Appellee's trial. *Id.* The Commonwealth

- 2 -

filed a timely notice of appeal on February 28, 2024. Both the Commonwealth and the trial court have complied with Pa.R.A.P. 1925.

On appeal, the Commonwealth presents the following issues for our review:[2]

> I. The trial court abused its discretion in denying the Commonwealth's motion for a continuance where its essential witness was unexpectedly unavailable.
>
> II. The trial court erred in granting [Appellee's] motion to suppress as a direct consequence of improperly denying the Commonwealth's continuance request.

Commonwealth's Brief, at 9, 17 (unnecessary capitalization omitted).

We review the grant or denial of a request for a continuance for abuse of discretion:

> [A]n abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record[.]

***Commonwealth v. Brooks***, 104 A.3d 466, 469 (Pa. 2014) (citation omitted).

The granting of continuances in criminal cases is governed by Pa.R.Crim.P. 106, which reads, in pertinent part:

---

[2] We note that the Commonwealth's brief fails to include, as required by Rule of Appellate Procedure 2111(a)(4), a separate section setting forth a Statement of the Questions Involved. The brief likewise fails to include the documents required by Rule 2111(a)(10) (trial court opinion) and Rule 2111(a)(11) (statement of errors complained of on appeal). We caution counsel to be more careful in future appeals to adhere to the Rules of Appellate Procedure. However, as these discrepancies do not hamper our appellate review in this case, we take no action with respect to these errors in the brief.

(A)   The court or issuing authority may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party.

* * * *

(D)   A motion for continuance on behalf of the defendant shall be made not later than 48 hours before the time set for the proceeding.  A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it.

Pa.R.Crim.P. 106(A), (D).  While subsection 106(D) refers to a "motion for continuance on behalf of the defendant," this Court has applied the language to motions by the Commonwealth as well.  *See, e.g., Commonwealth v. Micelli*, 573 A.2d 606 (Pa. Super. 1990).  We are further guided by the following:

This Court has observed that trial judges necessarily require a great deal of latitude in scheduling trials.  Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons.  However, the trial court exceeds the bounds of its discretion when it denies a continuance on the basis of an unreasonable and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay.  Accordingly, we must examine the reasons presented to the trial court for requesting the continuance, as well as the trial court's reasons for denying the request.

*Commonwealth v. Norton*, 144 A.3d 139, 143 (Pa. Super. 2016) (citations and quotation marks omitted).

Instantly, the Commonwealth argues that the trial court abused its discretion in failing to grant its motion for continuance.  *See* Commonwealth's Brief, at 9-11.  The Commonwealth directs our attention, *inter alia*, to *Micelli*.

- 4 -

In that case, the defendant was charged with DUI and possession of drug paraphernalia.  ***Micelli***, 573 A.2d at 607.  A trial was scheduled for June 28, 1989.  ***Id.***  On May 12, 1989, the Commonwealth sent a subpoena to Officer Manning, the main witness in the case.  ***Id.***

Four days later, on May 16, 1989, Officer Manning was ordered to report for a two-week period of reserve duty in the Pennsylvania National Guard, which overlapped with the trial date.  ***Id.***  The Commonwealth received notice of Officer Manning's unavailability for trial on June 15, 1989.  ***Id.***  On June 19, 1989, the Commonwealth requested a continuance on the basis that an essential witness would be unavailable.  ***Id.***  Following a hearing, the trial court denied the continuance, noting that the officer knew of his orders months previously, but the Commonwealth failed to act diligently in ensuring the officer's availability for trial.  ***Id.***  The trial court dismissed the charges, and the Commonwealth appealed to this Court.  ***Id.***

On appeal, a panel of this Court observed that several factors should be taken into consideration when determining whether to grant a continuance based on the absence of a witness:

> (1) the necessity of the witness to strengthen the [requesting party's] case; (2) the essentiality of the witness to the [party's case]; (3) the diligence exercised to procure his [or her] presence at trial; (4) the facts to which he [or she] could testify; and (5) the likelihood that he [or she] could be produced at the next term of court.

***Id.*** (quoting ***Commonwealth v. Scott***, 365 A.2d 140, 143 (Pa. 1976)).

Applying these factors, this Court in **Micelli** concluded that the trial court abused its discretion. We emphasized that the presence of the officer was necessary to the Commonwealth's case, that the Commonwealth would have "no problem" securing the officer's presence at a later trial date, and that the Commonwealth acted with due diligence in ensuring the presence of the officer. **Id.** at 608. Specifically, we noted:

> Officer Manning was given notice on May 12th of the trial date but did not receive his orders for reserve duty until May 16th. He did not notify the district attorney's office of the conflict in his schedule until June 15, 1989[,] which was a Thursday. The following Monday the Commonwealth petitioned for a continuance. We find **the Commonwealth** acted diligently and **cannot be expected to continually verify the trial date with all of its witnesses**.

**Id.** (emphasis added).

In its Rule 1925(a) opinion, the trial court explained its reasoning for denying the Commonwealth's continuance request:

> [D]uring the pendency of this case, [Appellee] made two timely continuance requests that provided the [trial court] with a surfeit time to consider the requests without wasting precious time in our bloated and overflowing schedule. The Commonwealth, by contrast, despite the January 29, 2025[,] suppression hearing having been scheduled on November 25, 2024, waited until **January 9, 2025**[,] to subpoena the officer. Setting aside the clearly lax attitude that the Commonwealth had towards securing a necessary witness, the Commonwealth attorney made clear that no one from the District Attorney's office had been in contact with Officer Klinefelter prior to and about the January 29, 2025[,] hearing. The assistant district attorney informed the [trial court] that he called Officer Klinefelter *after* the officer failed to appear.
>
> It was surprising that the Commonwealth had not prepared or even touched bases with an indispensable witness prior to a suppression hearing that would turn upon that witness' testimony.

- 6 -

The Commonwealth did not perform their due diligence in securing their necessary witness. Moreover, [Appellee] incurred costs in taking off from work while simultaneously paying for defense counsel to prepare and appear for the hearing.

To the extent that the Commonwealth might seek to bolster its having issued a subpoena by noting that it reached out to Officer Klinefelter via phone call and ascertained that the officer might have been ill, we would note the temporal deficiency of such an assertion. Any actions taken by the Commonwealth *after* the officer had failed to appear should not be factored into any due diligence calculus. Had the Commonwealth done their due diligence and reached out to the officer *before* the hearing then the officer would have been aware of the hearing and he likely would have been able to apprise the Commonwealth of his illness much sooner than *after* the hearing was scheduled to occur. Had this orderly progression, based upon due diligence, occurred then the [trial court] could have, on an emergency basis, excused the officer as unavailable and quite possibly limited the extra costs borne by [Appellee].

Trial Court Opinion, 4/25/25, at 7-8 (emphasis in the original).

We disagree with the rationale of the trial court, and find **Micelli** controls. First, the trial court failed to acknowledge that Rule 106 allows for late requests for a continuance to be granted when "the opportunity therefor did not previously exist, or the [Commonwealth] was not aware of the grounds for the motion, or the interests of justice request it." Pa.R.Crim.P. 106(D). The Commonwealth "was not aware of the grounds for the motion," *i.e.* that Officer Klinefelter had the wrong date in his calendar and was sick, until the date of the hearing, and "the interests of justice" indicate that a continuance should have been granted.

Second, the trial court faults the Commonwealth for something that they *could have* done. The Commonwealth sent Officer Klinefelter a subpoena on

January 9, 2025 – 20 days before the scheduled hearing. We cannot locate any authority requiring the Commonwealth to prepare or "touch base" with a witness after a subpoena was lawfully sent. Nor has Appellee or the trial court provided us with any. Moreover, the Commonwealth "cannot be expected to continually verify the trial date" with its witness. *Micelli*, 573 A.2d at 608. The Commonwealth sent Officer Klinefelter a subpoena to attend the hearing. The mistake came from a clerical error. There was no evidence of negligent behavior on behalf of the Commonwealth. The fact that the Commonwealth *could have* done something and fortuitously learned that the officer had the wrong date in his calendar does not amount to negligence or malfeasance on the part of the Commonwealth. Even if the Commonwealth contacted the officer prior to the hearing and ensured that he had the correct date, the fact remains that Officer Klinefelter was sick the day of the hearing, and that would have been grounds for a continuance.

Lastly, applying the *Micelli* factors to the instant case supports the conclusion that a continuance should have been granted. As the affiant, Officer Klinefelter was essential to the Commonwealth's case, his testimony was necessary to the prosecution, and the Commonwealth would likely be able to produce him at the next available trial date. The Commonwealth sent the officer a subpoena with the correct date of the suppression hearing. Therefore, we conclude that the Commonwealth exercised diligence in ensuring the officer's presence.

Accordingly, we conclude that the trial court abused its discretion in refusing to grant the Commonwealth's continuance request, and we remand so that a new suppression hearing may be scheduled.

Order reversed. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Sullivan joins the memorandum.

President Judge Emeritus Bender files a dissenting memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/06/2026