J-S34041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN MICHAEL SCHREFFLER | : | No. 286 MDA 2025 |

Appeal from the Suppression Order Entered January 29, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003890-2024

BEFORE:  STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

DISSENTING MEMORANDUM BY BENDER, P.J.E.: **FILED: MARCH 6, 2026**

The Majority concludes that the trial court abused its discretion when it denied the Commonwealth's motion for a continuance and granted the motion to suppress filed by Appellee, Jonathan Michael Schreffler.  For the reasons that follow, I respectfully dissent.

This action arose when Appellee was charged with driving under the influence (DUI) – general impairment (75 Pa.C.S. § 3802(a)(1)), and driving at an unsafe speed (75 Pa.C.S. § 3361).  Charges were filed on August 27, 2024.  After filing a continuance request prior to the initial plea hearing, Appellee filed a motion to suppress on November 22, 2024.  Contemporaneous with the motion, Appellee also filed another continuance request, noting that trial was then scheduled to commence on December 4, 2024, and the suppression motion should be decided prior to that.  The continuance was

granted, and both the suppression and plea hearings were rescheduled for January 29, 2025.

At the January 29th hearing, the Commonwealth informed the court that the affiant in this case, Officer Douglas Klinefelter of the Newberry Township Police Department, was not present. N.T. Suppression Hearing, 1/29/25, at 1. The Commonwealth noted that, although it had sent Officer Klinefelter a subpoena to appear for the hearing in November 2024, after speaking to the officer on the telephone after his failure to appear for the January 29th hearing, the Commonwealth realized that the officer had the wrong date for the hearing in his calendar. *Id.* at 2. The officer also informed the Commonwealth that he had the flu and had just left work to start a sick day. *Id.* The Commonwealth told Officer Klinefelter not to come to court. *Id.* The Commonwealth then asked for a continuance of the suppression hearing. *Id.*

After discussion, the trial court denied the request for a continuance. The trial court also found that the Commonwealth was unable to meet its burden of establishing that the evidence was not obtained in violation of Appellee's rights. Accordingly, the trial court granted the motion to suppress, and set a new date for Appellee's trial. The Commonwealth filed a timely notice of appeal on February 28, 2024.

On appeal, the Commonwealth presents the following claims:

I. The trial court abused its discretion in denying the Commonwealth's motion for a continuance where its essential witness was unexpectedly unavailable.

- 2 -

II. The trial court erred in granting [Appellee's] motion to suppress as a direct consequence of improperly denying the Commonwealth's continuance request.

Brief for Commonwealth at 9, 17 (unnecessary capitalization omitted).

Our Rules of Criminal Procedure permit a trial court to grant a continuance to either party "in the interests of justice." Pa.R.Crim.P. 106(A). Further, review of the denial of a continuance request is well-settled:

> Appellate review of a trial court's continuance decision is deferential. "The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error of judgment. Rather, discretion is abused when 'the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record….'" ***Commonwealth v. Randolph***, … 873 A.2d 1277, 1281 ([Pa.] 2005) (quoting ***Commonwealth v. McAleer***, … 748 A.2d 670, 673 ([Pa.] 2000) (internal citations omitted)).

***Commonwealth v. Brooks***, 104 A.3d 466, 469 (Pa. 2014). Moreover:

> This Court has observed that "[t]rial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons." ***Commonwealth v. Sandusky***, 77 A.3d 663, 671 (Pa. Super. 2013) (quotation omitted). However, the trial court exceeds the bounds of its discretion when it denies a continuance on the basis of 'an unreasonable and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay[.]' ***Id.*** at 671-72 (quotation marks and quotation omitted). Accordingly, we must examine the reasons presented to the trial court for requesting the continuance, as well as the trial court's reasons for denying the request. ***See id.***

***Commonwealth v. Norton***, 144 A.3d 139, 143 (Pa. Super. 2016).

The Commonwealth requested the continuance in the present case so that it could secure a material witness for the suppression hearing. When deciding a motion for a continuance in this circumstance, the trial court is guided by the following factors:

(1) the necessity of the witness to strengthen the party's case; (2) the essentiality of the witness to the party's case; (3) the diligence exercised to procure the witness' presence at trial; (4) the facts to which the witness could testify; and (5) the likelihood that the witness could be produced at the next term of court.

*Id.* at 143-44 (cleaned up).

The trial court explained its reasoning for denying the Commonwealth's request for a continuance, as follows:

[D]uring the pendency of this case, the defense made two timely continuance requests that provided the [c]ourt with a surfeit of time to consider the requests without wasting precious time in our bloated and overflowing schedule. The Commonwealth, by contrast, despite the January 29, 2025 suppression hearing having been scheduled on November 25, 2024, waited until **January 9, 2025**[,] to subpoena the officer. Setting aside the clearly lax attitude that the Commonwealth had towards securing a necessary witness, the Commonwealth attorney made clear that *no one from the District Attorney's office had been in contact with Officer Klinefelter prior to and about the January 29, 2025 hearing.* The assistant district attorney informed the Court that he called Officer Klinefelter *after* the officer failed to appear. It was surprising that the Commonwealth had not prepared or even touched base[] with an indispensable witness prior to a suppression hearing that would turn upon that witness' testimony. The Commonwealth simply did not perform their due diligence in securing their necessary witness. Moreover, [Appellee] incurred costs in taking off from work while simultaneously paying for defense counsel to prepare and appear for the hearing.

To the extent that the Commonwealth might seek to bolster its having issued a subpoena by noting that it reached out to Officer Klinefelter via phone call and ascertained that the officer might

- 4 -

have been ill, we would note the temporal deficiency of such an assertion. Any actions taken by the Commonwealth *after* the officer failed to appear should not be factored into any due diligence calculus. Had the Commonwealth done their due diligence and reached out to the officer *before* the hearing[,] then the officer would have been aware of the hearing and he likely would have been able to apprise the Commonwealth of his illness much sooner than *after* the hearing was scheduled to occur. Had this orderly progression, based upon due diligence, occurred[,] then the [c]ourt could have, on an emergency basis, excused the officer as unavailable and quite possibly limited the extra costs borne by [Appellee].

In light of the foregoing, our judgment was not manifestly unreasonable, nor the result of partiality, prejudice, bias or ill-will. Rather, this [c]ourt attempted to perform our role of shepherding cases towards a timely conclusion, which was frustrated by the Commonwealth's lack of due diligence.

Trial Court Opinion (TCO), 4/25/25, at 7-8 (some emphasis added, some emphasis in original).

The trial court found that the Commonwealth had not acted with due diligence in obtaining the necessary witness. In challenging this conclusion, the Commonwealth argues that when it issued a subpoena to Officer Klinefelter on January 9, 2025, 20 days before the hearing at issue, it "demonstrate[d] reasonable diligence." Brief for Commonwealth at 12. The Commonwealth notes that it had not requested a continuance at any time prior to the January 29, 2025 hearing.

The Majority relies on ***Commonwealth v. Micelli***, 573 A.2d 606 (Pa. Super. 1990), as support for its decision to reverse the trial court's order. Upon review, I conclude that ***Micelli*** is distinguishable.

In **Micelli**, the defendant was charged with two counts of driving under the influence and one count of possessing drug paraphernalia. **Micelli**, 573 A.2d at 607. As the trial date approached, the Commonwealth sent a subpoena to Officer Patrick J. Manning, the main witness for the prosecution in the case. Trial was scheduled for June 28, 1989. The Commonwealth sent a subpoena to Officer Manning notifying him of the trial date on May 12, 1989. **Id.**

On May 16, 1989, Officer Manning received an order to report for a two-week period of reserve duty in the Pennsylvania National Guard, which overlapped with the trial date. **Id.** The Commonwealth received notice from Officer Manning on June 15, 1989, of his unavailability for trial. **Id.** On June 19, 1989, the Commonwealth filed a request for a continuance with the trial court, on the basis that an essential witness would be unavailable. **Id.** The court scheduled a hearing on the motion, as the defendant did not consent to a continuance. **Id.**

Following the hearing, the trial court denied the request for a continuance, believing that the officer knew of his orders months previously, but the Commonwealth failed to act diligently and wasted valuable court time. **Id.** The trial court then dismissed the charges, and the Commonwealth appealed to this Court. **Id.**

The only issue discussed in **Micelli** was whether the Commonwealth acted with due diligence in attempting to prepare for trial such that the continuance should have been granted. In overturning the denial of the

requested continuance and remanding for trial, this Court noted the following sequence of events:

> Officer Manning was given notice on May 12th of the trial date but did not receive his orders for reserve duty until May 16th. He did not notify the district attorney's office of the conflict in his schedule until June 15, 1989[,] which was a Thursday. The following Monday the Commonwealth petitioned for a continuance. We find the Commonwealth acted diligently and cannot be expected to continually verify the trial date with all of its witnesses.

*Id.* at 608. This Court further stated, "We understand the trial court's concern for not allowing a lackadaisical attitude on the part of litigants to backlog the court with cases being continued[,] but in this instance we find the Commonwealth, in the interests of justice, should have been granted a continuance." *Id.*

Here, unlike in **Micelli**, it was not Officer Klinefelter's failure to notify the Commonwealth of his inability to attend the hearing that caused the delayed request for a continuance; rather, it was the fact that the Commonwealth failed to even once reach out to Officer Klinefelter after sending him a subpoena to confirm that he would be attending the hearing. The Commonwealth's analysis of its due diligence neglects to confront this primary reason expressed by the trial court for its denial of the continuance request. Simply put, after sending the subpoena to Officer Klinefelter on January 9, 2025, not one person from the District Attorney's office contacted the officer to discuss the upcoming hearing. The Commonwealth's analysis is as follows:

The suppression hearing was scheduled for January 29, 2025. The Commonwealth issued a subpoena to Officer Klinefelter for this hearing on January 9, 2025, a full twenty days before the scheduled date. This action demonstrates reasonable diligence. The officer was subsequently unable to attend the hearing due to an unexpected illness requiring him to take off work, which was unforeseeable by the Commonwealth.

The trial court found a lack of due diligence because the Commonwealth waited from November 25, 2024 (when the hearing was scheduled) until January 9, 2025, to subpoena the officer, and because "no one from the District Attorney's office had been in contact with Officer Klinefelter prior to and about the January 29, 2025 hearing" until after he failed to appear. This reasoning, however, misconstrues the Commonwealth's obligations and is contrary to established precedent, particularly [*Micelli*].

Brief for Commonwealth at 12 (citations to record omitted). The Commonwealth stresses that Officer Klinefelter's illness, arising on the day of the hearing, was unforeseeable, and that it had no obligation to 'continually verify' the hearing date with its witnesses. However, had the Commonwealth spoken to Officer Klinefelter about the upcoming hearing once, **even the night before**, it might have been aware that the officer was feeling poorly. More importantly, had the Commonwealth touched base with the officer in the days or weeks before the hearing, the officer would have been made aware that he had the incorrect date in his calendar, and either made an extra effort to appear for the hearing, or informed the Commonwealth's attorney that he was ill prior to Appellee's case being called. The utter lack of communication is a clear lack of due diligence.

While it is true, as the Commonwealth argues, that **Micelli** holds that the Commonwealth "cannot be expected to verify the trial date with all of its

witnesses," I stress that Officer Klinefelter was the **affiant**, meaning the **principal witness** against Appellee. Notwithstanding the obvious necessity of this witness, the district attorney indicated that he did not once contact Officer Klinefelter until after the case was before the court and the officer failed to appear. I conclude that the trial court did not abuse its discretion in finding that the Commonwealth's failure to contact a principal witness prior to the hearing constituted a lack of due diligence. **See, e.g.**, **Norton**, 144 A.3d at 144 (finding no abuse of discretion in the denial of the Commonwealth's request for a continuance where the request was made after jury selection but before trial and the Commonwealth maintained that it had recently discovered a need to obtain additional witnesses to counter the defendant's defense; the trial court found that diligence was lacking because these same witnesses were necessary to the prosecution all along; "it was the Commonwealth's own oversight that created a last minute search for witnesses").

The Majority provides a compelling case that the Commonwealth's request should have been granted, but that is not the correct standard. The question is *whether the trial court abused its discretion*, not what we would have done in the first instance. **Brooks**, 104 A.3d at 469. "Where the discretion exercised by the trial court is challenged on appeal, the party bringing the challenge bears a heavy burden.... [I]t is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power."

*Commonwealth v. Wesley*, 860 A.2d 585, 589 (Pa. Super. 2004), quoting *Commonwealth v. Garcia*, 661 A.2d 1388, 1394-95 (Pa. Super. 1995). Here, I do not find evidence of bias, prejudice, or ill-will on the part of the trial court. As such, I would conclude that the Commonwealth is not entitled to relief on this issue.

In its second issue on appeal, the Commonwealth builds upon the first: it argues that the trial court erred in granting Appellee's motion to suppress, which it maintains was the direct result of the improper denial of the Commonwealth's motion for a continuance. Somewhat confusingly, the Commonwealth frames the trial court's decision as being based upon a discovery violation. The evidence was not suppressed because of a discovery violation; it was suppressed because the Commonwealth failed, at the suppression hearing, to present evidence proving that the evidence Appellee sought to suppress was not obtained in violation of his rights. Once a motion to suppress is filed, "it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights." *Commonwealth v. Miller*, 333 A.3d 470, 479 (Pa. Super. 2025). The Commonwealth's burden at a suppression hearing is to present documentary evidence or witness testimony about the circumstances surrounding the seizure of evidence. *Commonwealth v. Easter*, 331 A.3d 675, 682 (Pa. Super. 2025), *reargument denied* (Mar. 13, 2025), *appeal denied,* No. 187 MAL 2025, 2025 WL 2527286 (Pa. Sept. 3, 2025). "Where the Commonwealth cannot, or will not, present any evidence

at all [at the suppression hearing], the defendant's motion must be granted[.]" **Commonwealth v. Enimpah**, 106 A.3d 695, 703 (Pa. 2014).

Here, the trial court's refusal to grant the Commonwealth's request for a continuance did not obviate the Commonwealth's burden to demonstrate that suppression of the evidence was not required. **Easter**, **supra**. The Commonwealth's failure to submit any evidence at all in support of the constitutionality of the seizure in this case required the trial court to grant Appellee's motion to suppress. **Enimpah**, **supra**. As the trial court succinctly stated: "As we did not abuse our discretion by denying the request for continuance, the Commonwealth's second claim of error fails of necessity." TCO at 9. After careful review, I agree with the trial court and conclude that the Commonwealth's second issue warrants no relief.

For the reasons set forth above, I would affirm the trial court's order denying the Commonwealth's motion for a continuance and granting Appellee's motion to suppress. Therefore, I respectfully dissent.